## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br><br>*Petitioner,*      )<br>-v-      )<br><br>ALFONSO RODRIGUEZ,      )<br><br>*Defendant.*      )<br>     ) | **Case No.** 2:04-CR-0055<br><br>**CAPITAL §2255 PROCEEDING**<br><br>**HON. RALPH ERICKSON** |

### PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

ALFONSO RODRIGUEZ is an indigent federal prisoner. The Court has sentenced him to die. He would like counsel's assistance in pursuing post-conviction remedies. For that reason, and pursuant to 18 U.S.C. § 3599(a)(2), Mr. Rodriguez moves the Court to appoint counsel to represent him in all available post-conviction remedies, including but of course not limited to the investigation, preparation, and prosecution of a motion for relief under 28 U.S.C. § 2255.

For the following reasons, he would like the Court to appoint the Office of the Minnesota Federal Public Defender and Joseph Margulies, of Northwestern University School of Law, who is also the author of this document:

1. As the Court may be aware, the Administrative Office of the U.S. Courts sponsors the Federal Capital Habeas Project. Ruth Friedman is the Director of this project. Recently, Ms. Friedman wrote a letter of introduction to the Court in which she explained that her Project identifies qualified counsel for § 2255

1

proceedings, whom they recommend for appointment by the courts. In this instance, Ms. Friedman contacted Katherian Roe, the Federal Defender for the District of Minnesota, to determine whether her office could handle the case. Ms. Roe indicated that two attorneys—Katherine Menendez and Andrew Mohring—could be charged with that responsibility, and that the office would be willing to accept the appointment on the condition that learned counsel join their team.

2. Ms. Friedman then contacted me. I agreed to accept appointment as learned counsel.

3. Ms. Friedman has graciously described our qualifications. Both Katherine and Andrew are brilliant lawyers blessed with the rare combination of stellar credentials and relevant experience. Katherine has been a criminal defense lawyer for thirteen years and has worked as an Assistant Federal Defender for eleven. She has a strong appellate practice, including about 100 cases in the Eighth Circuit and forty oral arguments. Of particular importance here, Katherine has been counsel on 15-20 habeas cases arising from both state and federal convictions and is thus familiar with the specialized jurisprudence that governs post-conviction proceedings. Andrew has been a criminal defense lawyer for twenty-three years, most of them as an Assistant Federal Defender in Minnesota. He has represented clients in a range of federal criminal cases—including homicides—at all stages of the criminal process, including trial, appeal, and

2

habeas. He has also litigated approximately a dozen (non-capital) § 2255 cases. He second-chaired a winning case in the United States Supreme Court, *United States v. R.L.C.*, 503 U.S. 391 (1992), has argued over twenty cases in the Eighth Circuit, and is an adjunct professor of law at University of Minnesota Law School.

4. As for me, I am presently a clinical professor of law at Northwestern University School of Law. I have been a capital habeas attorney for a very long time, more than 20 years, and have represented a great many death row inmates in state and federal post-conviction proceedings. I have handled capital habeas cases across the country, including in the Eighth Circuit where I am a member of the bar. For ten years, I lived and worked in Minnesota, where I represented criminal defendants at trial, on appeal, and in state and federal post-conviction proceedings. It was during my many years in Minnesota that I met Andrew and Katherine, with whom I have collaborated in other cases. Before my time in Minnesota, I lived in Austin, Texas, where I represented death row inmates in state and federal habeas litigation. I still have a number of friends and colleagues in Texas, which will no doubt come in handy in this case, since I anticipate the mitigation investigation will take us there. I am often asked to speak about habeas corpus and the death penalty. Finally, I was counsel of record in both *Rasul v. Bush*, 542 U.S. 446 (2004), a habeas case involving detentions at Guantanamo Bay, and *Munaf v.*

*Geren & Geren v. Omar*, 553 U.S. 674 (2008), a habeas case involving detentions in Iraq.

5. As the Court is aware, there are a number of Minnesota contacts in the case. The victim's body, for instance, was discovered in a field in Polk County, Minnesota, four miles from Mr. Rodriguez's home in Crookston. Mr. Rodriguez was incarcerated at a Minnesota correctional facility before the underlying offense and has three prior convictions in Minnesota state court. His parents were Mexican-American migrant workers who traveled the migrant labor route from Texas to Minnesota.

6. Minnesota law enforcement and forensic teams were heavily involved in the search and investigation. Minnesota Bureau of Criminal Apprehension Special Agent Dan Ahlquist interviewed a number of witnesses, including Mr. Rodriguez. Ahlquist also secured a search warrant to search and seize Rodriguez's vehicle. He also seized the knife in the trunk. Mr. Rodriguez's car was brought to the BCA Laboratory, in Bemidji, Minnesota, where it was searched. Samples seized in the course of the investigation were tested by the BCA, as well as the North Dakota BCI and the FBI.

7. As for Mr. Rodriguez's wishes, Ms. Friedman and her colleagues at the Federal Capital Habeas Project have met with Mr. Rodriguez, who affirms that he wants to pursue post-conviction remedies and that he would like counsel appointed

on his behalf. Because the Office of the Federal Defender has dedicated funding, their representation will be at no cost to the Court (e.g. no expert fees, attorney fees or travel expenses). Mine will be at the rate established by the Criminal Justice Act for capital cases.

8. Lastly, there is the matter of timing. The Eighth Circuit recently upheld Mr. Rodriguez's conviction and sentence. *United States v. Rodriguez*, 581 F.3d 775 (8th Cir. 2009). His petition for *certiorari* will likely be resolved by the United States Supreme Court in October 2010. As the Court is no doubt aware, if the Supreme Court denies *certiorari*, counsel will have one year to investigate, prepare, and file a § 2255 petition. Time is short, and the need is great. We ask the Court to act on our motion forthwith. A proposed Order is attached.

WHEREFORE, Mr. Rodriguez respectfully asks that the Court appoint the Office of the Federal Defender for the District of Minnesota, as well as Joseph Margulies, of Northwestern University School of Law, as counsel in all available post-conviction remedies.

DATED this 9th day of July, 2010.

> Respectfully Submitted,
>
> /s/ Joseph Margulies
>
> Joseph Margulies
> Clinical Professor of Law
> Roderick MacArthur Justice Center
> Northwestern University School of Law

375 East Chicago Avenue
Chicago, IL  60611
312.503.0890 (phone)
312.503.1272 (fax)

E-mail: j-margulies@law.northwestern.edu

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was served upon counsel for the United States this 9th day of July, 2010, via facsimile transmission, at the following address:

Jennifer Poole
Assistant United States Attorney
655 First Avenue North
Suite 250
Fargo, ND 58102-4932
FAX: 701-297-7405

_s/_ _____
Joseph Margulies