SEP/16/2011/FRI 04:46 PM  P. 001/003

STATE OF MINNESOTA
COUNTY OF DOUGLAS

IN DISTRICT COURT
SEVENTH JUDICIAL DISTRICT
Court File No. 21-KX-04-1222

---

State of Minnesota,
Plaintiff,

v.

Michael Ray Hansen,
Defendant.

**STATE'S MOTION FOR
DISMISSAL OF INDICTMENT**

---

TO:    THE HONORABLE ANN L. CARROTT

*COMES NOW the State of Minnesota, by and through Douglas County Attorney Chad Larson, and files its Motion for Dismissal of Indictment in the above-entitled matter upon the following grounds:*

A prosecutor has the responsibility of a minister of justice and not simply that of an advocate[1]. Inherent in such responsibility are obligations to the community, the victim, and the defendant. Those to whom we owe such obligations are rarely, if ever, aligned. Our peers, whom we oppose in court, are advocates. Thus, a prosecutor is ultimately charged with the responsibility of seeking justice in the midst of dueling obligations. Our role is not to win cases; rather it is to pursue fairness and equity in a world often devoid of the same within the parameters of a legal system, albeit great, that occasionally falls short of the mark.

As attorneys, we are held to the highest standard in American jurisprudence because our decisions may result in imprisonment in one instance, and liberation in another. In order to convict a defendant of a felony crime, we must prove to twelve jurors that the defendant committed the crime "beyond a reasonable doubt." While this is a rigorous and demanding standard, it is always secondary to an initial determination to proceed with the prosecution of a criminal case.

---

[1]  Rule 3.8, Comment [1], Minnesota Rules of Professional Responsibility

Received Time Sep. 16. 2011  4:35PM No. 0951

This initial decision is fairly standard throughout the country. And, it is simple: if a prosecutor, exercising their professional judgment, does not believe that there is a reasonable likelihood of a conviction, then the pursuit of that conviction is irresponsible.

In this case, a jury convicted Michael Ray Hansen of six counts of murder for the 2004 death of his three month-old daughter, Avry. His direct appeal to the Minnesota Court of Appeals was denied. In a Post-Conviction Review Hearing held in the spring of 2011, a number of physicians testified that there are alternate explanations for Avry's death. A new trial was granted.

The evidence in this case is circumstantial. At the original trial, the jury heard evidence that Avry died as a result of blunt force trauma to her head while she was in her father's care. Five of the six counts in the indictment required that the State prove that Avry died in the course of being assaulted by the Defendant. The sixth count required the State to prove that Avry died as a result of neglect or endangerment by the Defendant.

The jury did not hear evidence explaining how the Defendant assaulted Avry because there was no physical evidence at the death scene to corroborate such an assault. Rather, the jury inferred that an assault occurred based upon the massive skull fracture that was discovered by the local coroner during the initial autopsy.

Ramsey County Medical Examiner Dr. Michael McGee conducted a second autopsy. Dr. McGee's post-mortem, however, was forensically compromised because Avry had already been embalmed following the initial autopsy. Dr. McGee concluded that Avry's head had been accelerated into a hard surface causing the fractures, and she died shortly thereafter as a result.

At the post-conviction review hearing, defense experts testified that Avry could have sustained the skull fractures six days prior to her death without anyone noticing. They further testified that there was evidence of a healing injury. From that, they concluded that she could not have perished from an injury inflicted while in her father's care on the date in question. They surmised that Avry had sustained the massive skull fracture six days prior when her car seat fell off of a Walmart shopping cart. They additionally testified that Avry did not die as a result of her skull fractures.

The State declines to adopt the Defense's position on these issues. However, such alternate explanations of the cause of Avry's death within the context of a very

circumstantial and forensically compromised case deprives the State of the ability to prove the Defendant's guilt beyond a reasonable doubt.

For that reason, the State moves for the Dismissal of the Indictment herein.

Respectfully submitted,

Date: September 16, 2011

Chad M. Larson
Douglas County Attorney