IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal No. 2:04-cr-55 |
| v. | ) | |
| | ) | |
| | ) | |
| ALFONSO RODRIGUEZ, JR., | ) | **OBJECTION TO PUBLIC RELEASE** |
| | ) | |
| Defendant/Petitioner. | ) | |

Alfonso Rodriguez, Jr., jointly with the government, objects to the public release of certain exhibits which were introduced into evidence at the trial in the above-captioned matter in 2006. Specifically, the parties agree that photographs and video from the crime scene and the autopsy of the victim, Ms. Sjodin, should not be disseminated, and they jointly move the Court to so Order.

At trial, photos and a video from the scene where Ms. Sjodin's body was discovered and photos from her autopsy were introduced into evidence as exhibits 50-1, 50-2, 51-1 through 51-4, 52-1 through 52-6, 52-12 through 52-17, 52-18, 78-11, 78-19, 78-21, 78-24, 78-39, and D-2. Other photographs were marked as exhibits but either not offered or not introduced, and are presumably not being considered for release at this time. The parties would raise the same objection to release of those photographs. The parties jointly propose that these exhibits be withheld from public release. The sensitive and disturbing nature of the photographs at issue is clear, and their release presents a

serious possibility of their publication in print or electronic media.  The parties respectfully suggest that the privacy interests of the family and others involved outweighs the public interest in release of such possibly inflammatory material.

While there is little authority in this jurisdiction directly addressing the issue before the Court, it seems clear that, in general, crime scene and autopsy photos are treated with discretion and sensitivity.  Their release is often prohibited by law.  For instance, in Minnesota, the release of crime scene and autopsy photographs is generally prevented by the Minnesota Data Practices Act, M.S.A § 13.83, except in narrowly tailored circumstances.  Similarly, the United States Supreme Court has held that "death scene images"  are not covered by ordinary provisions of FOIA because the privacy rights of the family in such cases outweighs general public interest in disclosure.  *See National Archives and Records Administration v.  Favish,* 541 U.S. 157 (2004)*; see also Earnhardt v. Volusia County,* 2001 WL 992068, *5 (Fla. Cir. Ct., July 10, 2001).

As in the above-cited authority, the release of such photos would unnecessarily infringe on important privacy interests.  The parties respectfully urge that the crime scene and autopsy photos be withheld from public release at this time.

Dated:  February 13, 2012                    Respectfully submitted,


                                             *s/ Katherine M. Menendez*
                                             KATHERINE M. MENENDEZ
                                             Attorney ID No. 278014
                                             Attorney for Defendant
                                             107 U.S. Courthouse
                                             300 South Fourth Street
                                             Minneapolis, MN 55415