IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

United States of America,

       Plaintiff/Respondent,

     vs.

Alfonso Rodriguez, Jr.,

       Defendant/Petitioner.

Criminal No. 2:04-cr-55
Civil Case No. 2:11-cv-88

**ORDER ON RELEASE OF
OBJECTED TO TRIAL EXHIBITS**

Before the Court are the parties' objections to release of certain trial exhibits (Doc. #804). The Court, having considered the objections, issues the following order.

The Court acknowledges the general right to inspect and copy public records and documents, including judicial records and documents. Nevertheless, this Court, as every other court, "has supervisory power over its own records and files." Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). Courts have carved out exceptions to the presumption in favor of open courtrooms and records. These exceptions fall into two broad categories: (1) the need to keep order and dignity in the courtroom; and (2) the sensitivity of the content of the information to be disclosed to the public. Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1179 (6th Cir. 1983).

Here, the parties have objected to the public disclosure of certain trial exhibits. In exercising its discretion to seal judicial records, courts must balance the public's common law right of access against the interests favoring nondisclosure. See Nixon, 435 U.S. at 602 (a court must consider "relevant facts and circumstances of the particular case"); Belo Broad. Corp. v. Clark, 654 F.2d 423, 434 (5th Cir. 1981) (courts do not have to measure requests for access to evidence only against "the most compelling circumstances" but rather there are "a number of factors that may militate against public access"); Bank of America Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Associates, 800

F.2d 339, 344 (3d Cir. 1986) (in exercising its discretion, a court is required to balance factors favoring secrecy against the common law presumption of access).

With regard to crime scene photographs, the Supreme Courts has noted "the right of family members to direct and control disposition of the body of the deceased and to limit attempts to exploit pictures of the deceased family member's remains for public purposes." Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 168 (2004). The photographs and videos at issue were not produced for public consumption beyond the trial. The courtroom was not closed to the media during the presentation of the evidence, so the interested media had access to the photographs and or videotapes at the time of trial. Family members have a privacy interest in not having images of autopsy or crime scene photographs or videos depicting Dru Sjodin's body, clothes, or the manner in which she was killed reproduced and publicly disseminated. The Court finds there is a privacy interest at stake that far outweighs the public interest in disclosure of these photographs and videos.

Upon consideration of the objections, the Court **HEREBY ORDERS** that the following trial exhibits remain sealed pending further review by the Court:

(1)     Any exhibit not received into evidence at trial;

(2)     Any exhibit not provided to the jury;

(3)     The following autopsy and crime scene photographs/videos: Exhibits 50-1; 50-2; 51-1; 51-2;  51-3; 51-4; 52-1; 52-2; 52-3; 52-4; 52-5; 52-6; 52-12; 52-13; 52-14; 52-15; 52-16; 52-17; 52-18; 78-11; 78-19; 78-21; 78-24; 78-39; 78-40; and D-2.

**IT IS SO ORDERED**.

Dated: February 13, 2012                    /s/   *Ralph R. Erickson*
                                            Ralph R. Erickson
                                            Chief United States District Court Judge

2