IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ALFONSO RODRIGUEZ, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 2:04-cr-55 |
| | ) | Civil Case No.  2:11-cv-00088 |
| UNITED STATES OF AMERICA , | ) | |
| | ) | |
| Respondent. | ) | |

## UNITED STATES' MOTION FOR INDEPENDENT EXAMINATIONS AND SUPPORTING BRIEF

The United States of America, by Lynn C. Jordheim, Acting United States

Attorney for the District of North Dakota Under Authority Conferred by 28 U.S.C. § 515,

and Keith W. Reisenauer, Assistant United States Attorney, hereby moves this Court for

Independent Mental Health Examinations as follows:

### I.    Procedural History

On October 17, 2011, Rodriguez filed a 334-page Motion for Collateral Relief

pursuant to Title 28 U.S.C. § 2255, accompanied by thousands of pages of exhibits,

asserting 20 enumerated claims of error.  (Docket # 752)  In his motion Petitioner claims

his conviction and death sentence were obtained in violation of his rights under the Fifth,

Sixth, and Eighth, Tenth, and Fourteenth Amendments to the United States Constitution.

The vast majority of Petitioner's claims rely on an allegation of ineffective assistance of

counsel.  He also blames part of this ineffectiveness on his trial experts' failure to conduct

adequate examinations into Rodriguez's mental health.

At trial Rodriguez relied upon mental health experts in the mitigation phase, but not during the case in chief.  Within the 2255 motion Rodriguez raises numerous mental health claims.  Petitioner raises claims of ineffective assistance of counsel regarding his mental health affecting all phases of the trial, including guilt.  Rodriguez has submitted to new examinations by his current mental health experts.  Petitioner claims that had trial counsel conducted an appropriate investigation, a thorough investigation with appropriate mental health experts properly deployed, they would have learned that Rodriguez was insane at the time of the offense.  To that end, 2255 counsel retained Dr. Pablo Stewart,[1] who examined Petitioner and has concluded that at the time of the offense Rodriguez "was unable to appreciate the wrongfulness of his actions," and Rodriguez suffers from an exceptionally severe case of post-traumatic stress disorder which can sometimes trigger "full-blown dissociative states."  Dr. Stewart further discussed the crime with Rodriguez in arriving at his conclusion.  This conclusion goes much further than the mental health testimony at trial.  In fact, it goes to the question of legal guilt.  Rodriguez has also consulted the expertise of Dr. J. Arturo Silva,[2] who did a psychiatric evaluation of Rodriguez.  He also discussed the crime itself with Rodriguez and Rodriguez's mental state at the time of the crime.

---

[1]*See* Declaration of Dr. Pablo Stewart, Ex. D-17, in Rodriguez's § 2255 Motion.

[2]*See* Declaration of Dr. J. Arturo Silva, Ex. D-20, in Rodriguez's § 2255 Motion.

In addition, Rodriguez claims he suffers from "severe cognitive impairments" which render him mentally retarded.   Rodriguez has also retained the services of Dr.  Stephen Greenspan,[3] an "authority on mental retardation," who has concluded that "the evidence available at the time of his arrest indicates that Alfonso Rodriguez, Jr., was a person with mental retardation."

Finally, Rodriguez's trial experts both have filed declarations stating that they were not fully prepared, were not able to complete a full and adequate examination, or that their test data was scored in error.[4]

## II.     Independent Mental Health Examinations

The United States requests that its experts be permitted to examine Rodriguez. Rodriguez has placed his mental health status at issue in these proceedings, to an even greater extent than he did at trial.  He now claims his trial counsel should have raised the defense of insanity, a challenge to his conviction, and that he is mentally retarded.  As he has placed his mental condition "in controversy," Fed. R. Civ. P. 35 (a)(1), the United States is entitled to mental health examinations of Rodriguez.  Rodriguez has submitted to examinations by his current mental health experts.  At trial the United States's experts were permitted to conduct independent examinations of Rodriguez to rebut his experts in

---

[3]*See* Declaration of Dr. Stephen Greenspan, Ex. D-19, in Rodriguez's § 2255 Motion .

[4]*See* Declarations of Dr. Karen Bronk Froming, Ex. D-23 and Dr. Marilyn Hutchinson. Ex. D-24, in Rodriguez's § 2255 Motion.

mitigation.  Certainly Rodriguez is relying on his new experts to support his trial and

mitigation investigation claims of ineffective assistance of counsel.  The United States

should be permitted to have its new experts conduct independent examinations of

Rodriguez as well.  The United States should not be limited to using its trial experts as

Rodriguez has not been so limited.  The United States has hired James D. Seward, Ph.D.,

a neuropsychologist, and Dr. Michael Welner, M.D., a forensic psychiatrist, who will do

examinations and testing of Mr. Rodriguez.  The examinations and testing are scheduled

at Mr. Rodriguez's place of confinement at the United States Penitentiary in

Terre Haute, Indiana.  Dr. Seward is scheduled to conduct his examination and testing on

July 26 and 27 of 2012.  Dr. Welner is scheduled to conduct his examination on August 2

and 3 of 2012.  The interviews will be recorded.

**WHEREFORE**, the United States respectfully requests this Court grant the

United States' Motion for Independent Mental Health Examinations.

Dated June 21, 2012.

LYNN C. JORDHEIM
Attorney for the United States Acting under
Authority Conferred by 28 U.S.C. § 515


By:    /s/ Keith W.  Reisenauer
KEITH W.  REISENAUER
Assistant United States Attorney
Quentin N. Burdick United States Courthouse
655 First Avenue North - Suite 250
Fargo, ND  58102-4932
(701) 297-7400
N.D. Bar Board ID No. 03885

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ALFONSO RODRIGUEZ, JR., | ) | |
| | ) | |
| Petitioner, | ) | **Certificate of Service** |
| | ) | |
| v. | ) | Criminal Case No. 2:04-cr-55 |
| | ) | Civil Case No.  2:11-cv-00088 |
| UNITED STATES OF AMERICA , | ) | |
| | ) | |
| Respondent. | ) | |

I certify that on June 20, 2012, the following document:

**MOTION FOR INDEPENDENT EXAMINATIONS AND SUPPORTING BRIEF**

was filed electronically with the Clerk of Court through ECF and that ECF will send a Notice of Electronic Filing (NEF) to the following:

**Joseph Margulies**
    j-margulies@law.northwestern.edu

**Katherine M. Menendez**
    Kate_Menendez@fd.org,wendi_tilden@fd.org

**Andrew H. Mohring**
    andrew_mohring@fd.org

**Michael Wiseman**
    wiseman_law@comcast.net


Dated June 21, 2012.

/s/ Debora J. Wilson

_____

Debora J. Wilson
Office of the United States Attorney