UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Docket # 2:04-cr-55 |
| | : | |
| Respondent, | : | Hon. Ralph R. Erickson |
| | : | Chief United States |
| v. | : | District Court Judge |
| | : | |
| ALPHONSO RODRIGUEZ, JR., | : | |
| | : | Capital 2255 Proceedings |
| Petitioner. | : | |

_____  :

**PETITIONER'S RESPONSE IN PARTIAL OPPOSITION
TO THE
*UNITED STATES' MOTION FOR INDEPENDENT
EXAMINATIONS AND SUPPORTING BRIEF***

Petitioner, ALPHONSO RODRIGUEZ, JR.*,* through counsel, files this partial

opposition to the *UNITED STATES' MOTION FOR INDEPENDENT EXAMINATIONS AND*

*SUPPORTING BRIEF* (document # 820) (hereafter, *Motion*).

The government has moved to have Mr. Rodriguez evaluated by Drs. Michael

Welner, M.D., and James D. Seward, Ph.D.   Mr. Rodriguez has no objection to

being examined by the government's experts.   But because the government's

motion does not adequately describe either the conditions under which the

examination will take place or the tests to be administered, Mr. Rodriguez cannot

respond fully to the government's request.   For that reason, Mr. Rodriguez objects

1

in part, pending additional information from the United States.

## Scope of the Testing

1.      A court-ordered mental health evaluation implicates Mr. Rodriguez' Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel.  *Estelle v. Smith*, 451 U.S. 454 (1981) (defendant's privilege against self-incrimination violated when he was not advised of *Miranda* rights during court-ordered mental health examination; Sixth Amendment also violated when evaluation took place without notice to counsel after the right to counsel had attached).  To the extent Mr. Rodriguez has put his mental health at issue, he may have waived his Fifth Amendment rights, but only to the extent of his allegations. Merely raising mental health issues, in other words, does not waive the Fifth Amendment for all purposes.  *Powell v. Texas*, 492 U.S. 680, 684 (1989) (defendant's use of psychiatric testimony waives Fifth Amendment privilege as to the subject of the mental health evidence).  For that reason, while Petitioner generally agrees to submit to the evaluation and testing, the scope of the testing must be relevant to the issues that have been presented in the *2255 Motion*.

2.      With respect to whatever clinical interview the experts may conduct, Mr. Rodriguez has no objections.  From his perspective, he may be questioned about the offense and all aspects of his life and background.   With respect to testing

the experts may administer, however, counsel cannot agree to open-ended access to their client by the government's experts. The government has not described what tests it expects to use. Mr. Rodriguez requires this information before the testing, so that he may argue, if necessary, that particular testing is not within the scope of his limited Fifth Amendment waiver.

3.      Accordingly, Mr. Rodriguez asks that the government provide counsel with a list of the testing proposed by its experts no later than one week before the scheduled testing (*i.e.* July 19, 2012). If Mr. Rodriguez and his lawyers object to any tests, they will immediately notify the Court. Notice of this sort is routine in capital 2255 cases and trials. *See e.g. United States v. Bourgeois*, 02-cr-216 (S.D. Texas), *Order*, May 6, 2010 (copy attached) (requiring government to provide a list of tests to be administered to capital 2255 petitioner).

## Recording the Evaluation

4.      The government indicates the interviews will be recorded, but does not indicate that it will share these recordings with counsel. We assume that the government intends to share the recordings, but would ask that it be made explicit.

Respectfully Submitted,

/s/ Michael Wiseman

Michael Wiseman
Post Office Box 120
Swarthmore, Pennsylvania
Wiseman_Law@Comcast.Net
215-450-0903
Signing for All Counsel

Andrew Mohring                          Joseph Margulies
Katherine Menendez                      Roderick MacArthur Justice Center
Federal Public Defender Office          Northwestern University Law School
300 S. 4th Street, Suite 107            Chicago, IL 60611
Minneapolis, MN 55415                   312-503-0890
612-664-5858                            j-margulies@law.northwestern.edu
Andrew_Mohring@fd.org
Kate_Menendez@fd.org

Dated:        July 3, 2012
              Swarthmore, Pennsylvania

## CERTIFICATE OF SERVICE

I, Michael Wiseman, hereby certify that on this 3rd day of July, 2012, I served a copy of the foregoing upon the following persons by filing the same with this Court's ECF filing system:

Keith W. Reisenauer
Assistant United States Attorney

/s/ Michael Wiseman
Michael Wiseman

4