IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ALFONSO RODRIGUEZ, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 2:04-cr-55 |
| | ) | Civil Case No.  2:11-cv-00088 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### UNITED STATES' REPLY TO PETITIONER'S RESPONSE TO MOTION FOR INDEPENDENT EXAMINATIONS

The United States of America, by Lynn C. Jordheim, Acting United States

Attorney for the District of North Dakota Under Authority Conferred by 28 U.S.C. § 515,

and Keith W. Reisenauer, Assistant United States Attorney, replies to petitioner's

response to the United States' motion for independent mental health examinations as

follows:

The United States filed its motion for mental health examinations on June 20,

2012. (Doc. 820)  Petitioner has filed a partial opposition to the motion. (Doc. 821)

### Mental Health Exam

First petitioner indicates he may oppose certain testing which he claims may not be

within the scope of his Fifth Amendment waiver in this matter.  (*See* Doc. 821)  Although

petitioner recognizes that he has put his mental health at issue, and may have waived his

Fifth Amendment rights as to those issues, he still asserts that he may object to certain

tests.  Diagnostic tests limit themselves to the range of mental health diagnoses and are by

definition limited in scope to mental health issues.  As noted in the United States' Motion

for Psychiatric Exam (Doc. 820), petitioner's 2255 motion (Doc. 760) raises numerous

mental health claims, including claims of ineffective assistance of counsel regarding

petitioner's mental health, affecting all phases of the trial, including guilt.

Rodriguez has submitted to new examinations by his current mental health experts.

Petitioner claims that had trial counsel conducted an appropriate and thorough

investigation with appropriate mental health experts properly deployed, they would have

learned that Rodriguez was insane at the time of the offense.  (Doc. 760 at 85)  To that

end, petitioner claims he "was unable to appreciate the wrongfulness of his actions," (Id.

at 86) and that he suffers from an exceptionally severe case of post-traumatic stress

disorder (PTSD), which can sometimes trigger "full-blown dissociative states."  (Id. at

207)  Defense expert Dr. Pablo Stewart further discussed the crime with Rodriguez in

arriving at his conclusion.  (Id. at 86-87)  Another defense expert, Dr. J. Arturo Silva,

who did a psychiatric evaluation of Rodriguez, also discussed the crime itself with

Rodriguez and addresses Rodriguez's mental state at the time of the crime.  (Doc. 763-3)

In addition, petitioner claims he suffers from "severe cognitive impairments,"

which render him mentally retarded.  (Doc. 760 at 89)  In so doing, the defense counsel

raises a number of assertions about Rodriguez's mental and intellectual function which

the defense attributes to retardation.  A rebuttal examination under these circumstances is

necessarily charged with examining the retardation claim, whether Rodriguez is retarded,

and as for the supporting basis claimed by the defense, whether Rodriguez is limited to the degree represented. Furthermore, if there are limitations that the defense attributes to retardation, an appropriate forensic psychiatric and neuropsychological examination, whether it be at the request of defense or prosecution, would look at the different aspects of Rodriguez's function and assess whether these limitations reflect manifestations of intellectual deficiency, or another, more fitting, diagnostic explanation, or no diagnostic explanation at all.

A defendant cannot present expert testimony on his mental condition and yet refuse, on Fifth Amendment grounds, to answer questions put to him by the government's experts. Federal Rules of Criminal §12.2(d); United States v. Bartelho, 129 F.3d 663, 673-74 (1st Cir. 1997). In other words, a defendant who puts his mental state at issue with psychological evidence may not then use the Fifth Amendment to bar the government from rebutting in kind. Schneider v. Lynaugh, 835 F.2d 570, 575 (5th Cir. 1988). This rule rests upon the logical premise that it is unfair and improper to allow a defendant to introduce favorable psychological testimony and then prevent the prosecution from resorting to the most effective, and sometimes the only, means of rebuttal. Id. at 576.

This is a different situation from admitting a defendant's statements during a pretrial psychological examination for the purpose of determining whether the defendant is competent to stand trial where the defendant is not advised that he has a right to remain

silent and that any statement he makes could be used against him at a capital sentencing hearing. *See* Estelle v. Smith, 451 U.S. 454, 461-69 (1981). The Fifth Amendment privilege against self-incrimination, in that regard, only precludes the prosecution from improperly using such statements, or the fruits of such statements, at trial. A defendant who presents psychiatric evidence at trial is deemed to have waived his Fifth Amendment privilege. Vanderbilt v. Collins, 994 F.2d 189, 196 (5th Cir. 1993). The United States must be able to put on a fair rebuttal to a defendant who claims mental health issues. Statements made by the defendant in the course of such mental health examination cannot be admitted in evidence against the defendant except where the defendant introduces evidence of incompetency or expert evidence in a capital sentencing proceeding. Federal Rules of Criminal Procedure § 12.2(c)(4). Similarly, statements made in the course of a mental health examination can be used in the United States' efforts to rebut any and all claimed mental health issues raised by the petitioner.

Providing the petitioner the list of the proposed testing so that petitioner may object is not routine. Petitioner has waived his Fifth Amendment rights on all mental health issues raised in his 2255 petition. The United States' experts will examine and test the petitioner solely for the purpose of rebutting these claims. Nowhere in clinical psychological or neuropsychological testing is release of the subject testing authorized in keeping with standard psychological practice. There is no way to ensure that, should an invested litigant be aware of testing beforehand, he would not prepare in some fashion to

manage the impression such testing conveys.  Advance preparation is common and, according to the importance of the litigation, the incentives to prepare for an examination in advance are heightened.  In order to maximize confidence in the integrity of the data such that it is an accurate study of the examinee, examinees need to be blind to the tests they will be administered.  The United States cannot conceive of a test that will be administered to the petitioner that would not be within the scope of his Fifth Amendment waiver for purposes of rebutting his 2255 claims.[1]

The petitioner appropriately concedes that the waiver of his Fifth Amendment privilege means that mental health examiners may question him about "the offense and all aspects of his life and background."  To the extent that testing is limited in scope to diagnostic issues raised by the defense, it is far more narrow in its focus than the "all aspects of his life and background" that the defense already acknowledges is appropriate.

### Recording the Evaluation

Petitioner inquires as to whether the United States will share the recordings of the interviews with counsel.[2]  The United States will share the recorded interviews with defense counsel when the discovery process in this matter commences after the United States' response is filed.  In addition, the United States will submit a motion for a

---

[1]Failure of the defendant to participate in the examinations by the United States' experts should result in forfeiture of the right to present and claim mental health issues contained in his § 2255 petition.

[2]It should also be made clear that only the interviews of petitioner will be recorded. The actual testing of the petitioner will not be recorded.

protective order prior to the presentation of the recordings to counsel for petitioner. Confidentiality concerns relating to dissemination of the testing procedures and techniques provide good cause for issuance of a protective order to limit access to and restrict copying of the audio/video recording of the psychiatric examination of petitioner, pursuant to Federal Rules of Civil Procedure 26(c) and Federal Rules of Criminal Procedure 16(d).

Dated July 10, 2012.

LYNN C. JORDHEIM
Attorney for the United States Acting under
Authority Conferred by 28 U.S.C. § 515

By:    /s/ Keith W.  Reisenauer
KEITH W. REISENAUER
Assistant United States Attorney
Quentin N. Burdick United States Courthouse
655 First Avenue North - Suite 250
Fargo, ND  58102-4932
(701) 297-7400
N.D. Bar Board ID No. 03885
Attorney for United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ALFONSO RODRIGUEZ, JR., | ) | |
| | ) | |
| Petitioner, | ) | **Certificate of Service** |
| | ) | |
| v. | ) | Criminal Case No. 2:04-cr-55 |
| | ) | Civil Case No.  2:11-cv-00088 |
| UNITED STATES OF AMERICA , | ) | |
| | ) | |
| Respondent. | ) | |

I certify that on July 10, 2012, the following document:

**UNITED STATES' REPLY TO PETITIONER'S RESPONSE TO
MOTION FOR INDEPENDENT EXAMINATIONS**

was filed electronically with the Clerk of Court through ECF and that ECF will send a Notice of Electronic Filing (NEF) to the following:

**Joseph Margulies**
    j-margulies@law.northwestern.edu

**Katherine M. Menendez**
    Kate_Menendez@fd.org,wendi_tilden@fd.org

**Andrew H. Mohring**
    andrew_mohring@fd.org

**Richard Ney**
    ney@naslaw.net

**Michael Wiseman**
    wiseman_law@comcast.net

Dated July 10, 2012.

/s/ Charlotte E. Berg

_____

Charlotte E. Berg
Office of the United States Attorney