IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ALFONSO RODRIGUEZ, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 2:04-cr-55 |
| | ) | Civil Case No. 2:11-cv-00088 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**UNITED STATES' MOTION TO SEEK OR TO GAIN FULL ACCESS
TO TRIAL EX PARTE MOTIONS, ORDERS, REPORTS, AND PROCEEDINGS**

The United States of America, by Lynn C. Jordheim, Acting United States

Attorney for the District of North Dakota Under Authority Conferred by 28 U.S.C. § 515,

and Keith W. Reisenauer, Assistant United States Attorney, respectfully moves this Court

to grant the United States access to all ex parte motions, orders, proceedings, reports, and

docket entries in the underlying criminal case, No. 2:04-cr-55, United States v. Alfonso

Rodriguez, Jr.

The United States requires access to the requested materials to adequately respond

to Rodriguez's Motion for Collateral Relief under 28 U.S.C. § 2255, in which he alleges

ineffective assistance of counsel in the trial and appeal underlying his conviction and final

judgment of death.  (Doc. 752)  By attacking the quality of the representation provided to

him by trial and appellate counsel, Rodriguez has put privileged communications at issue,

thereby waiving the attorney-client privilege.  By making allegations about the manner of

Ms. Sjodin's death and defense counsel's investigation of her death, Petitioner's mental

health and mental capacity, and defense counsel's investigation of his mental health and capacity, and the presentation of a defense at trial, Rodriguez has placed in issue and waived any claim of confidentiality about previous ex parte motions, orders, proceedings, reports, or docket entries concerning his psychological state, mental capacity, or any other investigation surrounding Rodriguez's case.  This Court should, therefore, permit the United States access to all ex parte materials and/or sealed documents concerning the efforts of defense counsel and the defendant's mental health, mental capacity, or other investigative areas pertaining to his case.

The United States is not asking at this time to conduct "discovery."  Rather, the United States seeks disclosure of the Court's files, records, transcripts, and/or correspondence relating to the judgment which is being challenged in order to more fully respond to allegations made by Rodriguez.  While it may be true that the Court already has access to the relevant documents the United States seeks, the Court should not have to decide whether or not to conduct an evidentiary hearing solely based upon its own review of these documents without the United States ever having an opportunity to direct the Court to the portions of those documents which it feels bolster its arguments and/or positions.

Documents Concerning Defense Counsel's Efforts on Rodriguez's Behalf.

A habeas petitioner's reliance on a claim of ineffective assistance of counsel waives the attorney-client privilege as to all communications with the allegedly

-2-

inadequate lawyer.  See, e.g., Wharton v. Calderon, 127 F.3d 1201, 1203 (9th Cir. 1997);

Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974); Laughner v. United States, 373

F.2d 326, 327 (5th Cir. 1967); Purkey v. United States, 2010 WL 4386532 *8 (W.D. Mo.);

United States v. Ballard, 779 F.2d 287, 292 (5th Cir. 1986) (holding that an attorney may

reveal otherwise privileged communications from his client to defend himself against

charges of improper conduct without violating either the ethical rules of confidentiality or

the attorney-client privilege).  "[W]here . . . the client alleges a breach of duty to him by

the attorney, we have not the slightest scruple about deciding that he thereby waives the

privilege as to all communications relevant to that issue."  Laughner, 373 F.2d at 327.

There is a recognized distinction between an express waiver and an implied

waiver.  "An express waiver occurs when a party discloses privileged information to a

third party who is not bound by the privilege, or otherwise shows disregard for the

privilege by making the information public."  Bittaker v. Woodford, 331 F.3d 715, 719

(9th Cir. 2003).

> . . . [T]he doctrine of implied waiver allocates control of the privilege
> between the judicial system and the party holding the privilege.  (citation
> omitted)  The court imposing the waiver does not order disclosure of the
> materials categorically; rather, the court directs the party holding the
> privilege to produce the privileged materials if it wishes to go forward with
> its claims implicating them.  The court thus gives the holder of the privilege
> a choice:  If you want to litigate this claim, then you must waive your
> privilege to the extent necessary to give your opponent a fair opportunity to
> defendant against it.

Id. at 720.

In this case, to facilitate a fair and meaningful review of Rodriguez's claims of ineffective assistance, the United States requires access to the ex parte materials in the underlying criminal case reflecting on counsel's efforts to represent the defendant.  The United States must respond to Rodriguez's allegations that former counsel failed to investigate, challenge, and introduce evidence - including evidence of Ms. Sjodin's manner of death, defendant's mental health, defendant's mental capacity, and defendant's life history.  (See Mot. to Vacate, Issues II, III, IV, V, VII, VIII, IX, XI, XVI, XVII, XVIII, and XX.)  The United States is currently hindered in drafting that response because Rodriguez's claims are premised, at least in part, on ex parte proceedings in his underlying case.

To appropriately respond to the claims upon which Rodriguez relies the United States requires access to any ex parte records reflecting on defense counsel's efforts on behalf of the defendant, including (but not necessarily limited to) docket entries 15, 16, 23, 24, 30, 33, 37, 38, 39, 42, 50, 55, 56, 57,72, 75, 87, 96, 97, 102, 104, 142, 143, 144, 145, 146, 149, 150, 151 (ex parte affidavit of Attorney Robert Hoy), 152, 153, 154, 155, 156, 157, 158, 165 (filed under seal), 166, 168, 169, 198, 201 (sealed motion), 213, 225, 271, 385 (sealed minute entry), 386 (sealed minute entry), 669 (transcript filed 8/30/07), 672 (transcript filed 8/30/07), 676 (transcript filed 8/30/07), and 681 (transcript filed 8/30/07).

<u>Conclusion</u>

In order for the United States to conduct a fair and meaningful review and to more fully respond to Rodriguez's § 2255 claims, the United States moves this Court to grant the United States access to all sealed and unsealed <u>ex parte</u> motions, orders, proceedings, reports, and docket entries in the underlying criminal case, No. 2:04-cr-55, <u>United States v. Alfonso Rodriguez, Jr.</u>, as laid out above, and permission to refer to these materials, as necessary, when answering Rodriguez's claims.

Dated this 22nd day of October, 2012.

LYNN C. JORDHEIM
Attorney for the United States Acting under
Authority Conferred by 28 U.S.C. § 515

By: _____
KEITH W. REISENAUER
Assistant United States Attorney
Quentin N. Burdick United States Courthouse
655 First Avenue North - Suite 250
Fargo, ND  58102-4932
(701) 297-7400
N.D. Bar Board ID No. 03885
Attorney for United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ALFONSO RODRIGUEZ, JR., | ) | |
| | ) | |
| Petitioner, | ) | **Certificate of Service** |
| | ) | |
| v. | ) | Criminal Case No. 2:04-cr-55 |
| | ) | Civil Case No.  2:11-cv-00088 |
| UNITED STATES OF AMERICA , | ) | |
| | ) | |
| Respondent. | ) | |

I certify that on October 22, 2012, the following document:

**UNITED STATES' MOTION TO SEEK OR TO GAIN FULL ACCESS
TO TRIAL EX PARTE MOTIONS, ORDERS, REPORTS, AND PROCEEDINGS**

was filed electronically with the Clerk of Court through ECF and that ECF will send a
Notice of Electronic Filing (NEF) to the following:

**Joseph Margulies**
   j-margulies@law.northwestern.edu

**Katherine M. Menendez**
   Kate_Menendez@fd.org,wendi_tilden@fd.org

**Andrew H. Mohring**
   andrew_mohring@fd.org

**Michael Wiseman**
   wiseman_law@comcast.net

Dated October 22, 2012        /s/ Charlotte E. Berg

_____

Charlotte E. Berg
Office of the United States Attorney