UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

_____ :
:
UNITED STATES OF AMERICA, : Docket # 2:04-cr-55
:
Respondent, : Hon. Ralph R. Erickson
: Chief United States District Court Judge
v. :
: Capital 2255 Proceedings
ALFONSO RODRIGUEZ, JR., :
:
Petitioner. :
_____ :

**PETITIONER'S RESPONSE IN PARTIAL OPPOSITION TO THE GOVERNMENT'S**
*MOTION TO SEEK OR TO GAIN FULL ACCESS TO*
*TRIAL EX PARTE MOTIONS, ORDERS, REPORTS, AND PROCEEDINGS*

Petitioner, Alfonso Rodriguez, through counsel, files this *Response* in partial

opposition to the Government's *Motion to Seek or to Gain Full Access to Trial ex*

*Parte Motions, Orders, Reports, and Proceedings* (document # 834) (hereafter,

*Motion*), and in support states the following.

1. On October 22, 2012, the government filed its *Motion* seeking access

to fifty-one previously sealed, *ex parte* documents that were placed on the Court's

docket before and during trial.[1]  With the exception of five documents, Petitioner

_____

[1]The governments seeks access to the following documents, identified by
docket number:  15, 16, 23, 24, 30, 33, 37, 38, 39, 42, 50, 55, 56, 57,72, 75, 87, 96,
97, 102, 104, 142, 143, 144, 145, 146, 149, 150, 151, 152, 153, 154, 155, 156, 157,
158, 165, 166, 168, 169, 198, 201, 213, 225, 271, 385  386, 669, 672, 676, and

has no objection to the government's request.

2.      For two reasons, Petitioner objects to the disclosure of documents 50, 75, 102, 669 and 681.[2]   These documents relate to the litigation of the case budget submitted to the Court by trial counsel.

3.      First, the government is seeking discovery.  For the reasons stated in Petitioner's *Motion for an Additional Twenty-One Days to Respond to*

---

681.

[2] Documents 50, 75, 102, 669 and 681 are described on the docket as follows:

50.   DFT Alfonso Rodriguez's Ex Parte proposed initial case budget and memorandum (submitted ex parte and under seal) (sg) Modified on 02/02/2005 (Entered: 02/02/2005)

75.   DEFENDANT RODRIGUEZ'S RESPONSE to the court's order regarding the defendant's initial case budget by defendant Alfonso Rodriguez Jr (sg) (Entered: 05/16/2005)

102.  Dft Alfonso Rodriguez's Jr submission for July 6, 2005 Ex Parte Hearing (sg) (Entered: 07/05/2005)

669.  TRANSCRIPT of Ex Parte Hearing as to Alfonso Rodriguez, Jr held on 7/6/05 before Judge Erickson. Court Reporter: BC. (bc) (Entered: 08/30/2007)

681.  TRANSCRIPT of In Chambers Conference as to Alfonso Rodriguez, Jr held on 6/26/06 before Judge Erickson. Court Reporter: bc. (bc) (Entered: 08/30/2007)

*Government's Motion* (document number 835), at ¶¶ 3-5, at the government's insistence, this Court ruled last January that all discovery would await the government's answer to the 2255 Motion.  Indeed, there is much discovery that Petitioner has contemplated but deferred because of the order established by the Court.  The government should not be allowed at this point to "jump the queue."

4.   Second, these five documents implicate the attorney work-product privilege.  Contrary to the government's assertion, a claim by post-conviction counsel that trial counsel was ineffective in particular respects does not act as a blanket waiver of all privileges.  *Motion*, 2-3.  The government quotes *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (*Motion*, 3), as follows:

> The court imposing the waiver does not order disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials if it wishes to go forward with its claims implicating them. The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defendant against it.

It is apparent from this snippet that *Bittaker* stands for precisely the opposite position as that pressed by the government.  Any lingering doubt on this score is resolved by another portion of *Bittaker*, left unmentioned by the government:

> [C]ourt[s] must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver

> broad enough to serve that purpose. Courts . . . that have imposed waivers under the fairness principle have therefore closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question.

*Id.*, *citing*, *Kerr v. U.S. District Court*, 426 U.S. 394 (1976) (court should ensure that the "balance between the petitioner's claims of . . . privilege and plaintiffs' asserted need for the documents is correctly struck") (ellipses in original).  Other courts have taken the same position.  *See*, *e.g.*, *In re: Lott*, 424 F.3d 446, 453 (6th Cir. 2005) ("Implied waivers [such as when a habeas petitioner raises a claim of ineffectiveness] are consistently construed narrowly"); *Mason v. Mitchell*, 293 F.Supp.2d 819-823-24 (N.D. Ohio 2003) ("waiver in habeas cases should be limited to the extent necessary to litigate a petitioner's ineffective assistance of counsel claims").

5.     In view of the above, Petitioner asks that the Court first determine whether discovery is appropriate at this time.  If it is not, then the dispute over these five documents can await resolution until the government files its answer.  However, if the Court determines that it wishes to permit the government to conduct discovery at this time – despite the earlier ruling made at the government's insistence – then Petitioner would ask for the opportunity to make an *ex parte* submission explaining which parts, if any, of the five documents should be made

available to the government and which parts should be withheld in order to preserve the privilege.[3]

Respectfully Submitted,

/s/ Michael Wiseman

Michael Wiseman
Signing for All Counsel
PO Box 120
Swarthmore, PA 19081
Wiseman_Law@Comcast.Net
215-450-0903

| | |
|---|---|
| Andrew Mohring | Joseph Margulies |
| Katherine Menendez | Roderick MacArthur Justice Center |
| Federal Public Defender Office | Northwestern University Law School |
| Minneapolis, MN 55415 | 300 S. 4th Street, Suite 107 |
| 612-664-5858 | Chicago, IL 60611 |
| Andrew_Mohring@fd.org | 312-503-0890 |
| Kate_Menendez@fd.org | j-margulies@law.northwestern.edu |

Dated:       November 26, 2012
                    Swarthmore, Pennsylvania

---

[3]Regarding the other documents, while Petitioner has no objection to their release to the government, he nonetheless suggests that they remain sealed in order to protect the privacy of the parties and people named therein.

## CERTIFICATE OF SERVICE

I, Michael Wiseman, hereby certify that on this 26th day of November, 2012 I served a copy of the foregoing upon the following persons by filing the same with this Court's ECF filing system:

Keith W. Reisenauer
Assistant United States Attorney

/s/ Michael Wiseman

Michael Wiseman
