UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

_____

UNITED STATES OF AMERICA,                :       Docket # 2:04-cr-55

                                         :

                    Respondent,          :       Hon. Ralph R. Erickson

                                         :    Chief, US District Court Judge

                    v.                   :

                                         :       Capital 2255 Proceedings

ALPHONSO RODRIGUEZ, JR.,                 :

                                         :       Ex Parte and Sealed

                    Petitioner.          :            Application

_____         :


**PETITIONER'S RESPONSE IN PARTIAL OPPOSITION TO**
***UNITED STATES MOTION TO COMPEL EXPERT DISCOVERY***

Petitioner, Alfonso Rodriguez, Jr., files this *Response in Partial Opposition* to

the *United States Motion to Compel Expert Discovery* (document # 860) (*Motion*).

1.      The government has filed its *Motion* seeking ten categories of discovery.

This is largely a non-controversy, in that the requested materials have either already

been provided, or do not exist.  As to the small number of items that do exist and that

have yet to be provided, Petitioner opposes the government's request.

2.      For ease of review and to identify those small number of areas that are

in controversy, Petitioner sets forth each of the ten categories of information

requested by the government, along with an explanation of the status of disclosure

and Petitioner's position regarding disclosure.

3.      The following requests are set forth on pages 2 and 3 of the

government's *Motion* and are reproduced *verbatim*:

(1)    A report by Dr. David Lisak about his October 17-18, 2012, examination of and findings regarding Petitioner, Alfonso Rodriguez, Jr.;

       **Status:** Dr. Lizak's report was furnished to the government on February 25, 2013 (document # 851, 851.1, 851.2, Notice of Filing)[1]

(2)    A report by Dr. Stephen Greenspan about his October 26, 2012, examination of and findings regarding Petitioner, Alfonso Rodriguez, Jr.;

       **Status:** Dr. Greenspan's report was furnished to the government on February 25, 2013 (document # 851, 851.1, 851.2, Notice of Filing)

(3)    A report by Dr. Arturo Silva about his September 13, 2011, examination of and findings regarding Petitioner, Alfonso Rodriguez, Jr.;

       **Status:** Dr. Silva's reports were furnished to the government with the *Petition* and on February 25, 2013 (document # 851, 851.1, 851.2, Notice of Filing)

(4)    A report by Dr. Pablo Stewart about his September 16, 2011, examination of and findings regarding Petitioner, Alfonso Rodriguez, Jr.;

       **Status:** Dr. Stewart's reports were furnished to the government with the *Petition* and on February 25, 2013 (document # 851, 851.1, 851.2, Notice of Filing)

---

[1]Petitioner is perplexed that the government repeatedly requests the production of reports that have already been provided prior to the filing of the *Motion*. Lest the government believe that there are additional reports, other than those that have provided, Petitioner wishes to make clear that each expert has produced a report, the reports have all been disclosed and they are the only reports in existence.

(5)    A copy of any and all results of tests or examinations conducted by Dr. David Lisak, Dr. Stephen Greenspan, Dr. Pablo Stewart, and Dr. Arturo Silva of Petitioner, Alfonso Rodriguez, Jr.;

**Status:** None of the above evaluators conducted psychological or psychiatric testing, and therefore there is nothing to disclose.

The medical (imaging) and blood test results were provided to the government on February 25, 2013 (document # 851, 851.1, 851.2, Notice of Filing)

Petitioner does not understand the request for "results of examinations."  As best as Petitioner can discern, all such results are included in the reports of each of the evaluators.

Dr. Silva's report mentioned that he conducted a mental status examination on each of the two days that he evaluated Mr. Rodriguez in 2011.  However, although dubbed an "exam" such a mental status evaluation is not a formal test.  Rather, it calls on the psychiatrist to make a general assessment of the patient's mental condition at the time of the review.  The results of this examination are included in Dr. Silva's report.

(6)    A copy of any and all work papers or audio and video recordings, including notes of interviews, created by Dr. David Lisak, Dr. Stephen Greenspan, Dr. Pablo Stewart, and Dr. Arturo Silva in connection with their examinations and testing of Petitioner, Alfonso Rodriguez, Jr.;

**Status:** None of the evaluations conducted by any of Petitioner's experts were either audio or video recorded.

There are of course notes of interviews, and to the extent counsel understand the meaning of "work papers," counsel believe that those also may exist.  However, Petitioner opposes the disclosure of notes and "work papers" at this time.  He explains the basis for this objection below.

(7)     A copy of any report, notes, recording of, or reflection of an interview of Petitioner, Alfonso Rodriguez, Jr., of said examinations by Dr. David Lisak, Dr. Stephen Greenspan, Dr. Pablo Stewart, and Dr. Arturo Silva;

**Status:** To reiterate, there exist notes of the evaluations and reports. The reports have been disclosed. Petitioner opposes disclosure of notes at this time.

(8)     A copy of all raw data upon which any reports were derived from said evaluations by Dr. David Lisak, Dr. Stephen Greenspan, Dr. Pablo Stewart, Dr. Arturo Silva, and Dr. Susan Koslow;

**Status:** As Drs. Lizak, Greenspan, Silva and Stewart did not conduct psychological or psychiatric testing, there is no raw data. Dr. Susan Koslow was the radiologist who read the imaging that was arranged by the Federal Bureau of Prisons pursuant to this Court's order. Her report was disclosed on February 25, 2013 (document # 851, 851.1, 851.2, Notice of Filing).

The images that Dr. Koslow reviewed are in the possession of Petitioner's counsel. Counsel will gladly arrange for an inspection or copying of the images. Counsel would point out that this is the first time that the government has requested to see Dr. Koslow's "data."

(9)     A copy of all notes and reports of interviews of individuals conducted and reviewed for the purpose of arriving at the opinions of Dr. David Lisak, Dr. Stephen Greenspan, Dr. Pablo Stewart, and Dr. Arturo Silva; and

(10)    A copy of all notes and reports of interviews of individuals conducted by any Mitigation Specialist for the purpose of the additional testing ordered by the Court, including, but not limited to, the following people: Delores Rodriguez (mother); Illeana Noyes (sister); Sylvia D'Angelo (sister); Rosa Rodriguez (sister); Paco Rodriguez (brother); Belia Flores (aunt); Eva Mendes (family friend); Geraldo Chavez (cousin), Reymundo "Rey" Espinosa (friend); Jose Lopez (case manager at Stillwater prison);

and Fred Waldon (former patient/prisoner at St. Peter ) on August 22, 2012. (Doc. 831).

**Status:** Petitioner responds to requests 9 and 10 together, as they are similar. Each expert report indicates the precise documents that were reviewed by each expert and each such document has been provided to the government with the *Petition*. As for experts Lisak, Stewart and Greenspan, they did not conduct interviews with individuals other than Mr. Rodriguez And, as pointed out in response to request number 6, above, Petitioner opposes disclosure of notes of interviews at this time.

Dr. Silva conducted some direct interviews with lay witnesses, and presumably there exist notes of those interviews. For the reasons set forth below, Petitioner opposes disclosure of those notes at this time.

Request number 10, when read in connection with the *United States Memorandum in Support of Motion to Compel Expert Discovery* (document # 861) (*Memo*) at 8, appears to relate to interviews conducted by a Mitigation Specialist working with counsel on this case, the results of which were discussed with Dr. Greenspan. It is initially important to note that the request only appears to relate to those interviews that were the subject of the discussion and not other interviews that were not discussed or relied upon by Dr. Greenspan.

Counsel oppose disclosure of the information that was conveyed by the mitigation specialist to Dr. Greenspan at this time, for the reasons set forth below.

4.     Despite the girth of the government's submission, there is really little in controversy. The only materials that exist, that have not yet been provided and that which Petitioner opposes disclosure of at this time, are notes of interviews with Mr. Rodriguez taken by Petitioner's experts, and the information conveyed by the

5

mitigation specialist to Dr. Greenspan.  Every other item has already been disclosed, or, in the case of the imaging – which has only been requested in this *Motion* – will be disclosed in a mutually agreeable time, place and manner.

5.     Petitioner opposes disclosure at this time of the notes generated by his experts during their interviews with him, or, in the case of Dr. Silva, of his notes of interviews with lay witnesses.  There are two reasons for this opposition.

6.     First, as has been repeatedly discussed in this litigation and which the government acknowledges (*Memorandum*, 8-9), this Court has contemplated that discovery would proceed **after** the government files its Response to the 2255 Motion. That Response is currently due on October 15, 2013 (document # 858).  As has been discussed in prior submissions (*see e.g.* document # 837, *Petitioner's Response in Partial Opposition to the Government's Motion to Seek or to Gain Full Access to Trial Ex Parte Motions, Orders, Reports and Proceedings*), at 2-3, and in court conferences, that arrangement – discovery to be conducted by each side following the government's response – was established and agreed upon during the January 9, 2012 conference.   It is also noteworthy that this arrangement was proposed by the government in the first instance.  Petitioner, as previously related to this Court, has refrained from requesting discovery that would unquestionably advance his case, in deference to this Court's order.  That agreement should be honored.

7.     The government argues that despite this agreed-upon arrangement, that

the requested materials are needed for its experts to conduct a "thorough examination of Rodriguez." *Memorandum*, 9.  This is a significant overstatement.  As this Court recognized during the last time that this, then-nascent, request was discussed (conference call of March 21, 2013), it is highly doubtful that the government's experts require notes generated by Petitioner's experts in order to conduct a "thorough examination" of Mr. Rodriguez.  The government has slated Mr. Rodriguez for up to six days of evaluations by two mental health professionals (see *Email from AUSA Keith Reisenauer to Susan Hettich*, dated March 25, 2013).[2]  The government has made no showing as to how the absence of the requested expert notes will in any way impede its experts from conducting a thorough evaluation.  To be clear, if there was raw testing data, that would be a different matter.  The government's experts would certainly be entitled to view such raw test data, in order to fully explore the opinions held by Petitioner's experts.  However, there is no such test data, as no testing was conducted.  However, the government has been provided with all of the documents which were provided to all of Petitioner's experts for their review.  These

---

[2]The government previously moved for such examinations by its experts. While agreeing in principal to the evaluations, Petitioner partially opposed them. The opposition related to the nature of the testing and other conditions under which they would occur.  The Court did not rule on the government's *Motion*, largely because Petitioner's new round of evaluations put off the government's evaluations. However, Ms. Hettich's March 26, 2013 email response to Mr. Reisenauer, indicated that the parties should attempt to resolve their differences over the testing, or alternatively, that the government should file a new motion regarding the evaluations and testing.  That motion has yet to be filed.

thousands of pages should be sufficient for the government's experts to conduct a thorough evaluation of Mr. Rodriguez.

8.      Similarly, the government has not explained how a thorough evaluation of Mr. Rodriguez will be impeded by the non-disclosure of the information discussed between the mitigation specialist and Dr. Greenspan.  Dr. Greenspan's *Supplemental Report* of February, 2013, as did his earlier report, contains extensive references to the sources upon which he relied to reach his conclusions.  The government's experts have voluminous material upon which to evaluate his conclusions.  They do not need to know at this time what was said to Dr. Greenspan by the mitigation specialist, in order to thoroughly evaluate and come to a conclusion as to whether Mr. Rodriguez suffered from an intellectual disability before age eighteen.

9.      Finally, Petitioner wishes to be clear.  There will likely come a time when notes of interviews will be discoverable.  For example, when experts are examined at a hearing, their notes would be fair game for cross examination.  However, as articulated above, an order of proceedings has been established, and the government has failed to show why that order should be disregarded.

10.      In conclusion, Petitioner's counsel will make the images reviewed by Dr. Koslow available for inspection or copying.  His opposes disclosure of notes of interviews conducted by Petitioner's experts at this time; he opposes disclosure of the information provided by the mitigation specialist to Dr. Greenspan.  All other

requests have either been complied with, or else the requested materials do not exist.

Respectfully Submitted,

/s/ Michael Wiseman

Michael Wiseman
Signing for All Counsel
PO Box 120
Swarthmore, PA 19081
Wiseman_Law@Comcast.Net
215-450-0903

Andrew Mohring                     Joseph Margulies
Katherine Menendez                 Roderick MacArthur Justice Center
Federal Public Defender Office     Northwestern University Law School
Minneapolis, MN 55415              300 S. 4th Street, Suite 107
612-664-5858                       Chicago, IL 60611
Andrew_Mohring@fd.org              312-503-0890
Kate_Menendez@fd.org               j-margulies@law.northwestern.edu

Dated:        April 26, 2013
              Swarthmore, Pennsylvania

## CERTIFICATE OF SERVICE

I, Michael Wiseman, hereby certify that on this 26th day of April, 2013 served a copy of the foregoing upon the following persons by filing the same with this Court's ECF filing system:

Keith W. Reisenauer
Assistant United States Attorney

/s/ Michael Wiseman

Michael Wiseman

10