IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal No. 2:04-cr-55 |
| Plaintiff/Respondent, | ) | Civil Case No. 2:11-cv-88 |
| | ) | |
| -vs- | ) | **ORDER ON UNITED STATES'** |
| | ) | **MOTION TO COMPEL AND ON** |
| Alfonso Rodriguez, Jr., | ) | **PETITIONER'S OBJECTION TO** |
| | ) | **MEDICAL TESTING** |
| Defendant/Petitioner. | ) | |

Before the Court is the United States' Motion to Compel Discovery (Doc. #860).  Petitioner Alfonso Rodriguez, Jr. filed a brief in partial opposition (Doc. #864).  In addition, Petitioner has filed a response to the United States' motion for independent examinations, seeking information relating to the scope and type of testing anticipated by the United States' experts (Doc. #821).  The United States objects to the disclosure of the requested information (Doc. #822).  The matters came regularly on for a hearing on May 21, 2013.  The Court, having carefully considered the arguments of the parties, now issues this memorandum opinion and order.

### 1.    Motion to Compel Discovery

The United States contends Rodriguez has failed to disclose reports, notes, raw data, tests, or other materials relied upon by his experts. The United States believes this information is necessary in order to permit its experts an opportunity to conduct its own thorough examinations. Rodriguez responds that many of the requests are uncontroverted because either (1) the information has been disclosed, or (2) the information does not exist. The United States does not object to this characterization.  The focus of this order is on the information that admittedly exists and has not been disclosed.

Rodriguez acknowledges that the following information exists and has agreed to make it

available to the United States: (1) images that Dr. Susan Koslow reviewed before preparing her report. **IT IS HEREBY ORDERED** that Rodriguez make the images available to the United States for inspection and/or copying.

Petitioner acknowledges that the following information exists but objects to its disclosure at this time:

(1)     Interview notes and "work papers" created by Dr. David Lisak, Dr. Stephen Greenspan, Dr. Pablo Stewart, and Dr. Arturo Silva.

(2)     Interview notes of individuals taken by a mitigation specialist.

Rule 6(b) of the Rule Governing Section 2255 Proceedings provides authority for the disclosure of discovery.  The party making the request for discovery must identify the information sought and the reasons for the request.  It is important to note the current posture of the case. Rodriguez has been examined and evaluated by his experts.  The United States has retained its own experts to conduct examinations and evaluations of Rodriguez.  The parties have agreed to delay general discovery until after the United States has answered the petition, thereby joining the issues. The purpose of the agreement is to streamline discovery in the hopes of avoiding discovery on issues that have not been finally joined.  Despite the agreement, the United States has requested that the Court allow a narrow area of discovery in order to allow it to complete its expert evaluations regarding mental health issues raised by Rodriguez.  The government asserts that allowing the discovery will allow the examinations of Mr. Rodriguez to be completed in a single round of testing, hopefully avoiding the need for follow-up testing.

The Court, aware of the agreement and order to delay general discovery, recognizes the purposes such an agreement serves.  Even so, at this preliminary stage the Court is concerned with ensuring that the United States has access to the factual information that was relied upon by

Rodriguez's experts in forming their opinions and conclusions. The Court believes there is a distinction between the two categories in dispute. As to the first category - the experts' interview notes and "work papers"- that type of information is most significant when considering the validity of the conclusions drawn by the experts. The experts' notes and work papers may be relevant for cross examination and impeachment purposes, but are of little significance to other experts who are forming their own impressions and conclusions about Rodriguez. The Court believes this information falls squarely within the contemplation of the parties discovery agreement and is more appropriately produced  during the general discovery process. The Court will not order its disclosure at this time.

With regard to the second category - the mitigation specialist's interview notes of people familiar with Rodriguez - those notes could contain factual information that could have a direct impact on the testing and evaluations to be conducted by the United States' experts as well as the interpretation of the results obtained. It is conceivable that the interview notes contain facts and circumstances of Rodriguez's life, which could play a role in another expert's opinion, if known or made available to that expert. The Court finds no prejudice to Rodriguez in requiring him to disclose the interview notes from the mitigation specialist that were relied on by Dr. Greenspan. The Court further finds this information ought to be produced before the United States' experts conduct their examination and prepare their reports. **IT IS HEREBY ORDERED** that within 7 days of the date of this Order, Rodriguez provide to the United States a copy of all interview notes prepared by the mitigation specialist that were relied on by Dr. Greenspan in arriving at his opinion.[1]

---

[1] It appears there might have been some interviews conducted by the mitigation specialist that were not relied on by Dr. Greenspan. These notes need not be disclosed at this time, but may be subject to disclosure during the general discovery process that the parties anticipate

### 2.        Objection to the United States' Independent Examination

The United States has moved to have Rodriguez evaluated by its own experts. Dr. James Seward, Ph.D is scheduled to examine Rodriguez on July 10-12, 2013.  Dr. Michael Welner, M.D. is scheduled to examine Rodriguez on June 26-28, 2013.  Rodriguez's counsel seeks information relating to the scope of the testing and the specific testing the United States' experts intend to utilize. The United States objects to providing this information.

Upon consideration, the Court finds that Rodriguez's counsel are entitled to know the testing that will be utilized in order to provide them with an opportunity to object.  To alleviate the United States' concern that knowledge of the type of testing could taint the process and allow advance preparation that could produce skewed results, the attorneys, staff, experts and the experts' support staff are prohibited from discussing with Rodriguez the scope of the testing or the type of the testing that might be used.

**IT IS HEREBY ORDERED** that the United States disclose to Rodriguez's attorneys a list of tests that their experts will use when performing their examination of Rodriguez.  The United States shall disclose this information not later than **Monday, June 3, 2013**.  Rodriguez's counsel must file any objections to the testing not later than **Friday, June 14, 2013.**

**IT IS FURTHER ORDERED** that no one discuss the scope or type of testing, or testing techniques with Rodriguez before the scheduled examinations.

**IT IS FURTHER ORDERED** that the United States share any recorded interviews that occur during the examination with Rodriguez's counsel when the discovery process in this matter commences.

---

occurring after the United States has filed an answer to the petition.

**IT IS SO ORDERED.**

Dated this 24th day of May, 2013.


/s/ Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court