FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription    08/05/2006

     Yvonne Kosloski, Corrections Officer, Minnesota Department of Corrections (MDC), Moose Lake Correctional Facility (MLCF), was telephonically contacted at her place of employment. After being advised of the identity of the interviewing Agent and the purpose of the interview, Kosloski provided the following information:

     Kosloski graduated from high school and has taken some college courses. Kosloski was hired as a corrections officer by MDC at MLCF in 1991. Kosloski has worked in that capacity for the last sixteen years.

     Kosloski advised that MINNCOR, the prison industry program, was established at MLCF in approximately 1995. Gordon Stoltz came to MLCF to manage the prison industry print shop. The print shop was in operation for the purpose of being a profit making operation. In order to achieve this goal Stoltz and the other administrators began recruiting inmates from other institutions who had print shop experience. Kosloski advised that Alfonso Rodriguez was one of the inmates who was transferred from the Stillwater Correctional Facility (SWCF) in order to work in the print shop.

     As a corrections officer, Kosloski worked in the print shop during the time that Rodriguez was incarcerated at MLCF, from 1995 until he was released. Kosloski recalled that Rodriguez was a "model inmate" as he was quiet and kept to himself much of the time. Rodriguez showed up for work everyday and was always on time. Rodriguez would socialize with other inmates, but would only speak to corrections officers and prison administrators when he (Rodriguez) was first approached and addressed. Rodriguez did not display any unusual behavior toward female corrections officers or administrators, but would generally avoid eye contact with them.

     Rodriguez was incident free until approximately September 4, 2001. At that time, Rodriguez was fired for misuse of state property after he utilized a laser jet printer and computer to photocopy and print inappropriate material. At the time Rodriguez and another inmate, identified only a "Fillion", were working in a small office which was set apart from the main print shop area.

---

Investigation on   08/04/2006   at   Moose Lake,   Minnesota

ile # 7A-MP-64106      Date dictated   08/05/2006

by   SA Frank R. Brostrom
     210frb01.302

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 10-6-95)

7A-MP-64106

Continuation of FD-302 of ___Yvonne Kozlowski_____ , On _08/04/2006_ , Page ___2___

This office was air conditioned and had a door with a glass window that separated the office from the main print shop area.

Kosloski recalled that she had admonished Rodriguez and Fillion on numerous occasions for violation of small infractions or security breaches that did not result in segregation or punishment. This included security breaches related to an inmate's unauthorized use of head phones, playing radios loudly or drinking coffee while working on the computers.

Kosloski had previously recommended that the computer screens be positioned in such a way that she could observe them as she peered into the office window. This caution went unheaded and the inmates were able to work on the computers as the screens faced away from the door. This was a disadvantage to the corrections officers as Rodriguez and Fillion would simply "minimizing the computer screen" in order to avoid detection by the corrections officer before they could observe the computer screen content.

In September 2001, Kosloski observed suspicious behavior by Rodriguez and Fillion and conducted a cursory search of their work areas. Kosloski discovered inappropriate material in or near Rodriguez' work area to include his waste basket. Kosloski described the inappropriate material as cartoon-like images depicting "naughty" humor and/or inappropriate messages. Kosloski also discovered photocopied images of country music singer Leanne Rimes. Rodriguez was charged with, "misuse of state property for personal use," and was placed in segregation. Kosloski wrote and filed a report regarding this incident.

Rodriguez was immediately fired from his print shop job and placed on "idle status." As a result, Rodriguez was required to remain on idle status, with loss of privileges, for a period of ninety (90) days.

Kosloski advised that she later learned that Fillion was charged with obtaining and possessing pornography which he obtained from the Internet.

The punishment, at the time, would have resulted in Rodriguez serving "bench time" after being terminated from the print shop position. Kosloski advised that "bench time" consisted

US EXHIBIT-15-2

FD-302a (Rev. 10-6-95)

7A-MP-64106

Continuation of FD-302 of ___Yvonne Kozlowski_____, On _08/04/2006___, Page ___3___

of eight hours sitting on an iron bench. An inmate could be ordered to serve bench time for several days in a row depending on the infraction and resulting penalty.

Kosloski advised that she later transferred from the prison industry section because she became frustrated with her inability to enforce the rules and restrictions of inmates in the MINNCOR program. Kosloski felt that the administrators who were responsible for MINNCOR industry growth and profits were not allowing the rules to be strictly enforced due to the fact that they needed inmates who were skilled in operating the machinery. Many times they resisted attempts to terminate inmates because they were needed to continue the production operation in order to meet the goals of the program.

Kosloski advised that all reported incidents in the prison industry should be recorded in the State of Minnesota "COM Report" data base. Kosloski further advised that she maintained copies of the reports she filed regarding Rodriguez and Fillion. Kosloski volunteered to locate these reports and provide them to SA Brostrom at a later date.

US EXHIBIT-15-3