# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:04-cr-55 |
| | ) | |
| ALFONSO RODRIGUEZ, JR., | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

## RESPONSE TO GOVERNMENT OPPOSITION TO SUBSTITUTION OF COUNSEL

Undersigned counsel for petitioner Alfonso Rodriguez, Jr., joined by the

specifically, the Federal Public Defender for the District of Minnesota (Minnesota

FPD), and appointed CJA counsel Michael Wiseman and Joseph Margulies, joined

by the Federal Community Defender Office for the Eastern District of

Pennsylvania (FCDO), respectfully offer the following response to the

Plaintiff/Respondent's opposition to the pending motion for the withdrawal and

substitution of counsel in this case.  For the reasons set forth below, the articulated

concerns of the impact of the requested substitution are best addressed by granting

the motion.

1.  Some Delay Is Inevitable.  Should the Motion Be Granted, It Will Be Temporary.

The ability of the Minnesota FPD to continue its involvement in this case has been seriously compromised by two recent developments.  Characterizing these as matters of convenience is inaccurate and inappropriate.  First, we have lost a key team member.  Second, the formula that controls the office's size and budget was recently changed in a way that makes continuing involvement at past levels of participation, previously difficult, now impossible.

If the status of representation in the case is left unchanged, these changes will have an enduring impact.  Counsel would seek to postpone and reschedule the existing hearings, but the collective ability to proceed will be diminished for as long as the existing representation remains in place.

On the other hand, any impact on scheduling from the requested substitution of counsel will be temporary.  The FDCO's resources are outlined in the motion. Unlike the Minnesota FPD, substitute counsel is able to staff and bear the costs of this litigation.  The record in this case is extensive, and it will take the FDCO staff some time to get up to speed, but the motion contemplates outgoing counsel's involvement to assist during this transition.  Once the handoff is completed, the transition will impose no long-term effect on the efficient litigation of the issues raised by the petition and answer.

2.   The Interest of Justice Supports the Motion.

The government's standing to object to this motion is not clear.  The law that governs it is.  Decisions about the withdrawal and substitution of counsel are left to the discretion of the district court.  *United States v. Redd*, 318 F.3d 778, 783 (8th Cir. 2003).  Substitution is appropriate when it is in the interest of justice.  *United States v. Jones*, 795 F.3d 791, 796 n.3 (8th Cir. 2015).  Countervailing concerns about the impact of substitution on the orderly course of proceedings become pronounced when substitution is sought on the eve of or during trial.  *United States v. Gonzales-Lopez*, 399 F.3d 924, 929 (8th Cir. 2005) (aff'd 548 U.S. 140 (2006)).  Such is not the case here.

The uncontested circumstances of this motion show that granting it is in the interest of justice.  Substituting the FCDO for the Minnesota FPD and learned counsel provides stable staffing and funding, at no additional cost to this Court or its Criminal Justice Act resources.  The FDCO resources include learned counsel, and the substitution will therefore eliminate the expense of long-term involvement of appointed CJA learned counsel.  The impact on the administration of this case, though unfortunate, will be of limited duration and, we believe, modest.

WHEREFORE, for all the foregoing reasons, counsel respectfully request that the Court appoint the Federal Community Defender for the Eastern District of Pennsylvania as counsel for petitioner in these proceedings.  With the Court's

approval, outgoing counsel will remain involved for as long as appropriate to facilitate the transition.

Dated:  March 30, 2016                    Respectfully submitted,

/s/ Andrew H. Mohring
Andrew H. Mohring
Federal Public Defender Office
District of Minnesota
300 S. 4th Street, Suite 107
Minneapolis, MN 55415
612-664-5858
Email - andrew_mohring@fd.org

/s/ Joseph Margulies
Joseph Margulies
Cornell Law School
Myron Taylor Hall
Ithaca, NY 14853-4901
607- 216-2289
Email - jm347@cornell.edu

/s/ Michael Wiseman
Michael Wiseman
P.O. Box 120
Swarthmore, PA 19081
215-450-0903
Email - wiseman_law@comcast.net

*Counsel for Petitioner*

/s/ Shawn Nolan
Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street - Suite 545 West
Philadelphia, PA  19106
(215) 928-0520

4

Email - shawn_nolan@fd.org