IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>ALFONSO RODRIGUEZ, JR.,<br><br>Defendant/Petitioner. | Criminal No. 2:04-cr-55<br>Civil No. 2:11-cv-88<br><br>**UNITED STATES' MOTION FOR AUTHORIZATION TO CONDUCT DEPOSITION OF TRIAL COUNSEL AND OBTAIN DOCUMENTS** |

The United States of America, by Christopher C. Myers, United States Attorney for the District of North Dakota, and Keith W. Reisenauer, First Assistant United States Attorney, respectfully files this Motion for Authorization to Conduct a Deposition of Trial Counsel and Obtain Documents in the above matter, as follows:

## I.    Procedural History

On May 11, 2004, a federal grand jury for the District of North Dakota returned a one-count Indictment that charged Alfonso Rodriguez, Jr. (hereinafter "Rodriguez") with kidnapping Dru Sjodin and transporting her from North Dakota to Minnesota for the purpose of sexual assault, and otherwise, resulting in the death of Dru Sjodin (18 U.S.C. § 1201(a)(1)).  Under the Federal Death Penalty Act (18 U.S.C. §§ 3591– 3598 (hereinafter "FDPA")), the Indictment alleged that Rodriguez was 18 years of age or older at the time of the offense, had acted with the mental states described in 18 U.S.C. § 3591(a)(2), and that four statutory aggravators applied:  Rodriguez caused Sjodin's death during the commission of a kidnapping (18 U.S.C. § 3592(c)(1)); Rodriguez had previously been convicted of two or more violent felonies (18 U.S.C. § 3592(c)(4));

Rodriguez killed Dru Sjodin in an especially heinous, cruel, and depraved manner (18 U.S.C. § 3592(c)(6)); and Rodriguez killed Dru Sjodin after substantial planning and premeditation (18 U.S.C. § 3592(c)(9)).  On October 28, 2004, the United States filed a Notice of Intent to Seek a Sentence of Death.  Jury selection began on July 7, 2006, and a panel was sworn on August 14, 2006.  On August 30, 2006, the jury found Rodriguez guilty as charged in the Indictment.  On September 7, 2006, the jury found Rodriguez "eligible" for consideration of the death penalty.  On September 22, 2006, the jury returned special findings and found the aggravators sufficiently outweighed the mitigators to justify the imposition of a death sentence.  On February 8, 2007, following the denial of Rodriguez's motion for a new trial, United States v. Rodriguez, 2007 WL 466752 (D.N.D., February 12, 2007), the defendant was formally sentenced to death.

Rodriguez appealed the judgment to the Eighth Circuit Court of Appeals raising 20 claims of error.  In a published opinion, the Eighth Circuit affirmed the conviction and sentence in full.  United States v. Rodriguez, 581 F.3d 775 (8th Cir. 2009) rehearing and rehearing en banc denied (Feb 11, 2010) certiorari denied by Rodriguez v. United States, 131 S.Ct. 413, 178 L.Ed.2d 322, 79 BNA USLW 3244 (U.S. Oct 18, 2010) (NO. 09-11360).

On October 17, 2011 (364 days after the Supreme Court denied certiorari from the Eighth Circuit's Judgment), Rodriguez filed a 334-page Motion for Collateral Relief, accompanied by thousands of pages of exhibits, asserting 20 enumerated claims of error.  The United States filed an Answer on November 13, 2013.

This Court has granted an evidentiary hearing on Rodriguez's claims regarding forensic issues. The hearing is set for March 28, 2017. Rodriguez has claimed, among other issues, that his trial counsel were ineffective for their failure to properly challenge the evidence of sexual assault, that trial counsel failed to properly challenge the acid phosphatase evidence, and that trial counsel failed to properly challenge the evidence that the victim's neck had been slashed and evidence of other wounds. See Rodriguez's Motion for Collateral Relief, To Vacate, Set Aside, or Correct Sentence and for a New Trial, Issues II., IX., and XI.

The United States and counsel for Rodriguez have mutually engaged in taking depositions of expert witnesses for the above scheduled hearing. On December 7, 2016, in an effort to prepare for this hearing, the United States placed a call to trial counsel, Mr. Robert G. Hoy, to discuss the taking of a deposition of him that the United States intended to schedule. On December 8, 2016, Mr. Hoy informed the United States by email he would not agree to discuss the matter or the deposition due to "privileged" information and said that he . . . "need[ed] to decline informal discussions and await Court rulings on privilege objections before responding in a formal setting."

## II.    Legal Standard for Depositions

Rule 6(a) of the Rules Governing Section 2255 proceedings states:  "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." "A party requesting discovery must provide reasons for the request." Rule 6(b), Rules Governing Section 2255 proceedings.

The attorney-client privilege is one of the oldest recognized privileges. "The privilege is intended to encourage 'full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'"  Swidler & Berlin v. United States, 524 U.S. 399, 403 (1998) (quoting Upjohn Co. v. United States, 449 U.S. 383, 389 (1981)).  Although the privilege is typically the client's to assert or waive, courts have recognized that a client implicitly waives the attorney-client privilege by putting the attorney's performance at issue during subsequent litigation.  Hunt v. Blackburn, 128 U.S. 464 (1888).

In defending a claim of ineffective assistance of counsel, the United States is entitled to discover any information tending to undermine petitioner's specific claims. Allen v. United States, No. 4:07–CV–00027 ERW, 2011 WL 4729819, at *4 (E.D.Mo.2011) (finding, in a death penalty case, that by alleging ineffective assistance of counsel, Allen had "waived attorney-client privilege as to the matters he challenges."); Lott v. Bradshaw, No. 1:04-cv-822, 2005 WL 3741492 at *6 (N.D. Ohio, Mar. 29, 2005). A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. Crusoe v. United States, 2012 WL 877018 at *2 (Mar. 15, 2012).  See also, Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived.");  United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) (citing Tasby, 504 F.2d at 336); United States v. Davis, Jr., 583 F.3d 1081, 1090 (8th Cir.2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); Bittaker v. Woodford, 331 F.3d

715, 720 (9th Cir. 2003) (addressing scope of waiver); United States v. Ballard, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); and Schwimmer v. United States, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied).

### A.  Rodriguez's Trial Counsel

The United States seeks to depose a member of Rodriguez's trial counsel team, Mr. Robert G. Hoy, and also seeks to obtain documents from trial counsel regarding the forensic evidence in this case, including any and all documents pertaining to trial counsel's investigation into the sexual assault, physical assault, and murder of Dru Sjodin, the consultation of experts regarding these subjects, and trial counsel's discussions with Rodriguez regarding the sexual assault, physical assault, and murder of Dru Sjodin.  As identified above, to prevail on his claim of ineffective assistance, Rodriguez must prove that his counsel's performance was "deficient," in that it "fell below an objective standard of reasonableness" accordingly to "prevailing professional norms" after "considering all the circumstances."  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

One of Rodriguez's allegations is that his trial counsel was deficient for their failure to properly challenge the evidence of sexual assault, that trial counsel failed to properly challenge the acid phosphatase evidence, and that trial counsel failed to properly challenge the evidence that the victim's neck had been slashed and evidence of other wounds.  Mr. Robert G. Hoy and Mr. Richard Ney were appointed to serve as

Rodriguez's counsel; Mr. Hoy has intimate knowledge of the case and the inner strategy and investigation specifically regarding the forensic issues of Rodriguez's trial. The actions that Robert G. Hoy and Richard Ney did and/or did not take in investigating and presenting forensic evidence in Petitioner's trial are among the most relevant facts of the instant proceeding.

Presumably, Mr. Hoy directed the investigation and preparation of the forensic case, and thus became intimately involved with the conduct that Rodriguez challenges here. Mr. Hoy conducted a deposition of the Forensic Pathologist, Dr. Michael McGee, M.D., who performed the autopsy on the body of Dru Sjodin. Mr. Hoy conducted the cross-examination of Dr. McGee during the Daubert Hearing in this case. Mr. Hoy also presented evidence through Dr. George Sensabaugh regarding acid phosphatase during the Daubert Hearing. Mr. Hoy conducted the cross-examination of Dr. McGee during the trial. Mr. Hoy also presented evidence at trial through Dr. Sensabaugh. A declaration by Dr. Garry F. Peterson, former Chief Medical Examiner for Hennepin County (Petitioner's 2255 Exhibit B-01) indicates that he had contact with Mr. Hoy to review materials "including photographs and the autopsy report of Dru Sjodin" prior to the trial in this matter.

The United States has received no discovery regarding discussions or reports of Dr. Peterson's review nor any discovery regarding any other experts that were consulted by trial counsel regarding these forensic issues. Further, the United States has received no discovery regarding any consultations with Mr. Rodriguez by trial counsel regarding these forensic issues, including any statements made by Rodriguez to trial counsel

6

regarding his personal knowledge of injuries inflicted upon Dru Sjodin and her cause of death.  As has already been recognized, by alleging ineffective assistance of counsel, Rodriguez has waived attorney-client privilege as to the matters he challenges.  <u>See</u>, e.g., <u>Allen</u>, et.al.

For all of the above reasons, the United States has shown good cause to depose Robert G. Hoy.  A deposition of Mr. Hoy is necessary to develop information concerning trial counsel's investigation of the forensic evidence--including conversations with Rodriguez and any expert's consulted on this issue - and decisions made to present certain evidence and to refrain from the presentation of other evidence in the regarding forensics including any injuries and the cause of death of Dru Sjodin.

## III.    Conclusion

For the foregoing reasons, the United States respectfully requests that this Court grant its request for the taking of a deposition of Mr. Robert G. Hoy, and further grants its request for the production of documents, as related above, prior to the March 28, 2017, hearing.

Dated:  December 28, 2016.

> CHRISTOPHER C. MYERS
> United States Attorney
>
> By:    /s/ *Keith W. Reisenauer*_____
> KEITH W. REISENAUER
> First Assistant United States Attorney
> Quentin N. Burdick United States Courthouse
> 655 First Avenue North - Suite 250
> Fargo, ND  58102-4932
> (701) 297-7400
> ND Bar Board ID No. 05434
> Keith.Reisenauer@usdoj.gov
> Attorney for United States