## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| **Plaintiff/Respondent,** | : |
| | : Criminal Case No. 2:04-cr-55 |
| vs. | : |
| | : |
| ALFONSO RODRIGUEZ, JR., | : |
| | : |
| **Defendant/Petitioner.** | : |

**PETITIONER'S RESPONSE TO GOVERNMENT'S MOTION FOR AUTHORIZATION
TO CONDUCT DEPOSITION OF TRIAL COUNSEL AND OBTAIN DOCUMENTS**

Petitioner Alfonso Rodriguez, by and through undersigned appointed counsel, responds

as follows to the Government's motion for leave to take the deposition of trial counsel Robert G.

Hoy and to obtain documents relating to Mr. Hoy's representation of Mr. Rodriguez concerning

the forensic-related claims that are set for hearing on March 28, 2017:

So far as undersigned counsel can ascertain, the parties have no disagreement for the

Court to resolve. Petitioner's ineffective-assistance claims place at issue Mr. Hoy's handling of

forensic matters. Petitioner therefore does not oppose the Government's motion, subject to three

limitations that the Government does not appear to dispute. First, the scope of any deposition and

disclosed documents must be limited to "information tending to undermine petitioner's specific

claims" for the upcoming hearing, or communications "that are necessary to prove or disprove"

those forensic-based claims. Motion (Doc. 1027) at 4-6. Petitioner has waived the attorney-client

privilege *only* with respect to the particular failings of counsel that are now at issue; the mere

assertion of an ineffective-assistance claim does not create a "blanket" waiver of the privilege.

*See Bittaker v. Woodford*, 331 F.3d 715, 720-22 (9th Cir. 2003); *Mason v. Mitchell*, 293 F. Supp.

2d 819, 823-24 (N.D. Ohio 2003); *United States v. Collyard*, Crim. No. 12-0058 (SRN), 2013

WL 1346202, at *3-*4 (D. Minn. Apr. 3, 2013). Second, any such disclosure of information must

be undertaken through Petitioner's current attorneys and under the Court's supervision, rather

than *ex parte* between opposing counsel and Mr. Hoy, and thus, in violation of Mr. Hoy's

ongoing duty of confidentiality. *See* American Bar Ass'n, Formal Ethics Opinion 10-406,

*Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective*

*Assistance of Counsel Claim* (July 14, 2010), attached as Exhibit 1. Third, in the event of a retrial

of any phase of the criminal proceedings, the Government should not be permitted to use any

information obtained through the discovery it now seeks. *See United States v. Nicholson*, 611

F.3d 191, 217 (4th Cir. 2010); *Bittaker*, 331 F.3d at 724-27 ("The fortuity that defendant's initial

trial was constitutionally defective gives the prosecution no just claim to the lawyer's case file or

testimony.").

The parties continue to work collaboratively to complete prehearing discovery, and

counsel are confident that the parties will agree to the manner and scope of the requested

deposition and discovery concerning Mr. Hoy. Failing such an agreement, the parties will seek

further guidance from the Court.

Respectfully submitted,


/s/ Victor J. Abreu
VICTOR J. ABREU (PA Bar No. 71635)
JOSEPH W. LUBY (PA Bar No. 321759)
FEDERAL COMMUNITY DEFENDER FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
victor_abreu@fd.org
joseph_luby@fd.org

Dated:      January 10, 2017
            Philadelphia, PA

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2016, the foregoing document was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Keith Reisenauer
keith.reisenauer@usdoj.gov

/s/ Victor J. Abreu
*Counsel for Defendant-Petitioner*