**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **Plaintiff/Respondent,** | : |
| | : **Criminal Case No. 2:04-cr-55** |
| vs. | : |
| | : |
| **ALFONSO RODRIGUEZ, JR.,** | : |
| | : |
| **Defendant/Petitioner.** | : |

**UNOPPOSED MOTION FOR CONTINUANCE OF EVIDENTIARY HEARING**

Petitioner Alfonso Rodriguez, by and through undersigned counsel, respectfully moves the Court to continue the evidentiary hearing scheduled for March 28-31, 2017. Petitioner states as follows in support of his motion:

1.      The Court is currently scheduled to hold an evidentiary hearing from March 28 through March 31, to address the forensic issues in Petitioner's motion for collateral relief. The Court has kept open a block of days in June for additional hearings.

2.      The parties have been working diligently to prepare for the forensic-related hearing and to develop the relevant facts and witnesses. Among other measures, the parties have taken numerous depositions of expert witnesses in different parts of the country. Two additional expert depositions are scheduled for March 21. The Court-ordered deposition of trial counsel Robert Hoy (*see* ECF Doc. 1029) was originally scheduled to take place in Fargo on March 6. A family medical emergency forced counsel to reschedule the deposition, which counsel anticipate will take place the last week of March.

3.      Counsel for Petitioner have spent a large amount of time reviewing the file materials of predecessor counsels, including over 40,000 pages from Mr. Hoy (not counting transcripts). Counsel must review the file materials not only to assess and support Petitioner's

1

claims for relief, but also to comply with the government's request for discovery of trial file materials relating to the claims at issue. *See* ECF Docs. 1027, 1029.

4.      Having inherited Petitioner's numerous and lengthy post-conviction claims from other attorneys, counsel are obligated to reinvestigate those claims and to reassess their legal and factual merits. To that end, counsel have made numerous trips to the Fargo and Minneapolis areas (among other locations).

5.      The parties' discovery dispute, as described in Petitioner's recent motion for discovery (ECF Doc. 1032), further justifies a continuance of the hearing. If the Court were to grant the requested discovery, the government would have to request and search for responsive documents from the various crime laboratories and police agencies involved in this case, and in turn, Petitioner's counsel would require time to review and make use of the documents – including the possibility of investigating whatever leads they disclose. Depositions of two former trial prosecutors would also take additional time. Until discovery is reasonably complete, the parties cannot know the factual scope of the forensics hearing.

6.      Undersigned counsel have consulted with First Assistant United States Attorney Keith Reisenauer concerning the request for continuance, and Mr. Reisenauer advises that he does not oppose the instant motion.

WHEREFORE, for all the foregoing reasons, Petitioner respectfully requests that the Court continue the evidentiary hearing concerning forensic issues.

Respectfully submitted,


/s/ Victor J. Abreu
VICTOR J. ABREU (PA Bar No. 71635)
JOSEPH W. LUBY (PA Bar No. 321759)
FEDERAL COMMUNITY DEFENDER FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
victor_abreu@fd.org
joseph_luby@fd.org

Dated:        March 13, 2017
              Philadelphia, PA


## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2017, the foregoing document was filed electronically

with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF)

to the following:


        Keith Reisenauer
        keith.reisenauer@usdoj.gov

/s/ Victor J. Abreu
*Counsel for Defendant-Petitioner*

3