IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| **Plaintiff/Respondent,** | : |
| | : Criminal Case No. 2:04-cr-55 |
| vs. | : |
| | : |
| ALFONSO RODRIGUEZ, JR., | : |
| | : |
| **Defendant/Petitioner.** | : |

REPLY IN SUPPORT OF
PETITIONER'S MOTION FOR DISCOVERY

Petitioner Alfonso Rodriguez, by and through undersigned counsel, states as follows in reply to the government's response in opposition to the motion to compel discovery.

1.    Although the parties have come to an agreement over discovery, the government makes a number of merits-based arguments that warrant a separate reply. The government chiefly argues that the p30 results are immaterial because Ms. Sjodin was "sexually assaulted" regardless of whether semen was deposited into her body. Response at 9-13. It is true that the prosecution hedged its bet at trial by alternatively arguing a "sexual assault" in addition to a "rape" with a semen deposit. *See id.* and sources cited. But the government nevertheless wagered the larger bet – not only by offering Dr. McGee's finding of a semen deposit within the last 24 to 36 hours of Ms. Sjodin's life  (Tr. 6552, 6723), but by capitalizing on that finding to argue "rape" and "rape fantasy" at dramatic length. Tr. 8662-63, 8665, 8673, 8689-91, 8693-95, 8698, 8706-07. The presence or absence of semen was an important and fiercely contested issue at trial. The government's argument to the contrary misstates the record.

2.    The government relatedly argues that the p30 rests are merely "cumulative" of Dr. Sensabaugh's testimony and of evidence that the swabs tested negative for sperm cells and male

1

DNA. Response at 9-10. Not so. First, the Court itself recognized the independent significance of p30 testing at the *Daubert* hearing, when it discussed whether and when a p30 test is "dispositive" and confirmed that an AP result is generally "presumptive." Tr. 6597-99. Second, the totality of evidence conclusively disproves Dr. McGee's finding of a semen deposit – not only because a p30 result is more definitive than an acid phosphatase result, but also because Mr. Fischer's testing revealed "heavy" and "very heavy" levels of nucleated epithelial cells that sperm cells would have outlasted if semen were present. *See* Exh. 1 (Fischer report with bench notes) at 30; Exh. 4 (Keel report) at 5-6; Exh. 5 (Arden report) at 2. More than merely wrong, Dr. McGee's findings are "not scientifically supportable" in light of the evidence known now in conjunction with the evidence from trial. Exh. 4 at 13-14. The post-conviction evidence conclusively proves that no semen was present; it does not, as the government suggests, merely bolster Dr. Sensabaugh's testimony that AP results cannot conclusively establish the presence of semen. *See* Response at 10; Exh. 5 at 3 (per Dr. Arden, "specific and conclusive evidence that semen was not detected"); Exh. 4 at 15 (per Mr. Keel, the p30 evidence, absence of sperm, and lack of male DNA "completely undermine" the contention that semen was present). After conceding the p30 results, the government cites no evidence that would justify the admission of Dr. McGee's fully-undermined testimony as scientifically valid under *Daubert*, let alone capable of belief by a jury.

3.      The government believes it apparent that "all parties overlooked the document referencing the p30 test." Response at 7. This argument, too, is unavailing. Petitioner need not show that the prosecutors knew Dr. McGee's testimony to be false. It suffices to demonstrate that the government "should have known" that it was false. *United States v. Agurs*, 427 U.S. 97, 103 (1976); *United States v. Kaufmann*, 803 F.2d 289, 291 (7th Cir. 1986); *Jackson v. Brown*, 513 F.3d 1057, 1075 (9th Cir. 2008). It is well established that prosecutors have an independent

duty to search for exculpatory evidence within the files of police or other entities who are investigating the crime. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). "If the prosecutor has a duty to investigate and disclose favorable evidence known only to the police, he 'should know' when a witness testifies falsely about such evidence." *Jackson v. Brown*, 513 F.3d 1057, 1075 (9th Cir. 2008). "*Napue* and *Giglio* make perfectly clear that the constitutional prohibition on the 'knowing' use of perjured testimony applies when *any* of the State's representatives would know the testimony was false." *Id.* (emphasis in original). The circumstances suggest the prosecution's actual knowledge in any event. The prosecution's own witnesses reached conflicting findings on the vaginal and cervical swabs: Dr. McGee found that semen was present, and Mr. Fischer found that it was absent. As the prosecutors approached the weightiest of trials, they were confronted with contradictory findings of their own experts and were doubtless aware that defense counsel would point out the contradiction on cross-examination; it is implausible that the prosecutors would fail to ask their own witnesses about the basis of their conflicting findings – an inquiry that would have alerted the prosecutors to Mr. Fischer's findings of no p30 and heavy levels of nucleated epithelial cells.

4.       Neither is there merit in the government's contention that Petitioner's claim was resolved on direct appeal under *Daubert*. Response at 11, 18. The present claim is legally and factually distinct from the previous one. The post-conviction claim is not that the Court erred by admitting Dr. McGee's testimony of a semen deposit shortly before Ms. Sjodin's death, but rather, that the Court (and if need be the jury) could and would have rejected that evidence and ruled differently if the government had corrected the false testimony about the absence of p30 testing. That claim is based on evidence from outside the trial record, and it arises from a broader constitutional basis than a *Daubert* claim. *See*, *e.g.*, *Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012) (prisoner may not relitigate the propriety of the prosecutor's closing argument on

post-conviction, but may litigate counsel's ineffectiveness in failing to object to the argument); *United States v. Gonzalez*, 98 Fed. App'x 825, 828-29 (10th Cir. 2004) (prisoner could attack validity of guilty plea under claim of ineffective assistance of counsel based on extra-record evidence of trial counsel's erroneous legal advice, despite direct appeal claim that plea was involuntary under Rule 11). Petitioner's claim is properly brought under Section 2255.

5.    The parties have resolved their discovery dispute following additional discussions among the attorneys. Counsels' agreement obviates the Court's need to resolve the discovery motion, which Petitioner hereby withdraws.

WHEREFORE, for all the foregoing reasons, Petitioner withdraws his motion to compel discovery and respectfully requests that the Court vacate his unconstitutional sentence after a full and fair evidentiary hearing.

Respectfully submitted,


/s/ Victor J. Abreu
VICTOR J. ABREU (PA Bar No. 71635)
JOSEPH W. LUBY (PA Bar No. 321759)
FEDERAL COMMUNITY DEFENDER FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
victor_abreu@fd.org
joseph_luby@fd.org

Dated:        March 27, 2017
              Philadelphia, PA

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2017, the foregoing document was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Keith Reisenauer                    Melissa Helen Burkland
Keith.reisenauer@usdoj.gov          Melissa.Burkland@usdoj.gov

/s/ Victor J. Abreu
*Counsel for Defendant-Petitioner*