**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| | ) | **NOTICE OF FILING OF TRANSCRIPT** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   **2:04-cr-55 & 2:11-cv-88** |
| | ) | |
| **Alfonso Rodriguez, Jr.,** | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

Transcript Type:   **Evidentiary Hearing (June 20-23 & September 11, 2017)**

Requesting Party:   **Attorneys Abreu, Montroy, Luby**

The parties have seven (7) business days to file with the court a Notice of Intent to Request Redaction of personal identifiers as outlined in Federal Rules of Criminal Procedure 49.1 and Federal Rules of Civil Procedure 5.2.  This event can be found in CM/ECF under Other Filings-Other Documents.

Within twenty-one (21) days of filing the official transcript, the attorney must file a Redaction Request.  The Redaction Request must identify the page number, line number, and the item to be redacted; for example: *Page 3, Line 14, Social Security Number*.  This event can be found in CM/ECF under Other Filings-Other Documents.

Unless otherwise ordered by the court, the attorney must review the following portions of the transcript:
1. opening and closing statements made on the party's behalf;
2. statements of the party;
3. testimony of any witness called by the party;
4. sentencing proceedings; and
5. any other portion of the transcript as ordered by the court.

Only those identifiers listed in the rules can be redacted through this process.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The 90-day restriction policy applies only to transcripts of federal courtroom proceedings.  Redaction responsibilities apply to the attorneys even if the requestor of the transcript is a judge or member of the public/media.

If only a part of the transcript is ordered, an attorney is not responsible for ordering and reviewing other parts of the proceeding.  For example, if just testimony is ordered, the attorney need not review the opening and closing remarks conducted by the attorney on behalf of the party.

An attorney serving as standby counsel appointed to assist a *pro se* defendant in his or her defense in a criminal case must review the same portions of the transcript as if the *pro se* defendant were his or her client.  If the transcript relates to a panel attorney representation pursuant to the Criminal Justice Act (CJA), including serving as standby counsel, the attorney conducting the review is entitled to compensation under the CJA for functions reasonably performed to fulfill the redaction obligation and for reimbursement for related reasonable expenses.

If an attorney wishes to redact additional information other than the personal identifiers as outlined in Federal Rules of Criminal Procedure 49.1 and Federal Rules of Civil Procedure 5.2, he or she must make a motion to the court.  The transcript will not be remotely electronically available until the court has ruled on any such motion, even though the 90-day restriction period may have ended.

Any person needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the transcript, free of charge, at the clerk's office public terminal.

Date:   **4/9/18**

*/s/ Kelly A. Kroke*
_____
Court Reporter (or Deputy Clerk)