IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

ALFONSO RODRIGUEZ, JR.,

Defendant/Petitioner.

Case No. 2:04-cr-55

**UNITED STATES' MOTION TO EXCLUDE PREVIOUSLY UNDISCLOSED EXPERTS**

The United States of America, by Christopher C. Myers, United States Attorney

for the District of North Dakota, Keith W. Reisenauer, First Assistant United States

Attorney, and Melissa Burkland, Assistant United States Attorney, hereby moves the

Court to exclude new and previously undisclosed experts Petitioner Alfonso Rodriguez,

Jr. ("Petitioner") proposes to use at the mental health evidentiary hearing scheduled for

January 28, 2019.

The evidentiary hearing is currently scheduled for January 28, 2019. (DKT 1087)

Petitioner filed his Motion for Collateral Relief, to Vacate, Set Aside, or Correct

Sentence, and for a New Trial pursuant to 28 U.S.C. § 2255 on October 17, 2011, and

disclosed numerous experts in a wide variety of psychological, forensic, and scientific

fields. (See DKT. 752)  Experts consulted for the mental health claims in the Motion

included Dr. Pablo Stewart, Dr. Stephen Greenspan, Dr. Arturo Silva, Dr. Karen Bronk

Froming, and Dr. Marilyn Hutchinson.  Each of these experts provided Petitioner with

declarations and reports concerning the mental health claims.  The Motion encompassed

336 pages together with approximately 230 exhibits containing thousands of additional

pages.  Petitioner attached 150 exhibits pertaining to his mental health claims in his Motion.  Now, more than seven years after the initial Petition was filed and less than four months before the scheduled hearing, Petitioner informs the United States of his desire to use two additional experts, Dr. Andre Lugo and Dr. Ricardo Weinstein.  Petitioner has informed the United States that he proposes to use Dr. Andre Lugo as a toxin exposure expert and Dr. Ricardo Weinstein as an intellectual disability expert.

Any additional intellectual disability experts would be a redundant waste of resources in this case and this Court should strike such experts, as it will likely further delay an evidentiary hearing that has been delayed for years since it was first scheduled. Following the filing of the Motion, the Court originally set the evidentiary hearing on the mental health issues for November 15, 2016. (DKT 1005) On August 16, 2016, the Court reset the evidentiary hearing for June 20, 2017. (DKT 1023)  On April 11, 2017, the Court reset the mental health evidentiary hearing for December 12, 2017. (DKT 1044) On October 25, 2017, the Court reset the evidentiary hearing yet again, this time to July 16, 2018.  (DKT 1061)  The hearing was continued another time on March 19, 2018, to August 20, 2018. (DKT 1066) Once again, the mental health evidentiary hearing was continued on July 10, 2018, to January 28, 2019. (DKT 1087) Allowing these experts to testify may cause further delay of the hearing.

Petitioner has not filed a motion seeking an order permitting additional mental health experts to evaluate Mr. Rodriguez.  Petitioner will not furnish Drs. Lugo and Weinstein's expert reports to the government until late November.  To the United States' knowledge Petitioner has not yet been examined by Drs. Weinstein or Lugo.

The United States respectfully requests that Petitioner be precluded from using Drs. Lugo and Weinstein on two grounds.  First, Petitioner has not and will not be able to establish that either of these experts are necessary to support any evidentiary element of the Petition.  Second, the timeframe with which Petitioner proposes to disclose the reports and allow for depositions of the experts is unworkable given the Court's pending evidentiary hearing date and the numerous other experts the parties must depose prior to the hearing date.

Petitioner may suggest that the Supreme Court's decision in Moore v. Texas, 137 S.Ct. 1039 (2017) requires an additional intellectual disability expert, but such a suggestion is unfounded.  In Moore, the Court held that in order to comply with Atkins. V. Virgina, 536 U.S. 304 (2002), "courts must use legitimate medical diagnostic criteria when diagnosing mental disabilities in those on death row."  Moore, slip op. at 19.  Tests must be based on medical diagnostics rather than "lay" or stereotypical diagnostics, and use of the DSM-V is preferred.  Id.

Although the intellectual disability expert in this case rendered his opinions prior to the Court's Moore opinion, he indeed complied with the directives of the Moore Court, and used "legitimate medical diagnostic criteria" in reaching his decisions.  For example, Dr. Greenspan specifically cites to the DSM in his report, and notes the anticipated changes from the DSM-IV to the DSM-V.  (DKT. 763-2, ¶¶ 29-30)  He relies on medical texts and diagnoses to render his opinion, and much of his analysis relates to the adaptive functioning analysis the Moore decision requires. (DKT. 763-2, ¶¶ 50-53)  Petitioner's intellectual disability expert analyzed Mr. Rodriquez under the current medical criteria

and Supreme Court standards.  If Dr. Weinstein is allowed to re-examine Petitioner at this late date and thereafter provide a "new" opinion and report, the United States will again be put in the position of having to again consult with experts to review this late examination.  Further delay will ensue.

Dr. Lugo should not be permitted to supply an expert report as Petitioner is procedurally barred from introducing toxin-related evidence.  Petitioner did not raise his possible exposure to toxins as an issue, specifically relating to his mental health in his Motion.  He has not moved this Court to amend his Motion and therefore he is barred from presenting such evidence or argument.  In addition, the jury considered, and rejected, Dr. Echobichon's opinions regarding toxin exposure as a mitigating factor. (DKT. 626, p.2)  Petitioner cannot now relitigate a claim that has been adversely decided against him.  See United States v. Gaus, 751 F.2d 1506, 1507 (8th Cir. 1985).  In addition to the untimeliness of this disclosure, Petitioner should not be allowed to bring a new expert to opine on a foreclosed claim.

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that Petitioner be precluded from introducing new experts Dr. Weinstein and Dr. Lugo in this case.

4

Dated:  October 31, 2018

CHRISTOPHER C. MYERS
United States Attorney


By:    /s/ *Keith W. Reisenauer*_____
KEITH W. REISENAUER
First Assistant United States Attorney
Quentin N. Burdick United States Courthouse
655 First Avenue North - Suite 250
Fargo, ND  58102-4932
(701) 297-7400
ND Bar Board ID No. 03885
Keith.Reisenauer@usdoj.gov
Attorney for United States


By:    /s/ Melissa Helen Burkland_____
MELISSA HELEN BURKLAND
Assistant United States Attorney
Quentin N. Burdick United States Courthouse
655 First Avenue North - Suite 250
Fargo, ND  58102-4932
(701) 297-7427
WI Bar Board ID No. 1071443
Melissa.Burkland@usdoj.gov
Attorney for United States